Eddie Lee MARSHALL,
Plaintiff-Appellant,

v.

Joe Lee NORWOOD,
Defendant-Appellee.

No. 84–3199
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Sept. 14, 1984.

Eddie Lee Marshall, pro se.

Joseph Erwin Kopsa, J. Marvin Montgomery, Asst. Attys. Gen., Baton Rouge, La., for defendant-appellee.

Before WILLIAMS, JOLLY, and HILL, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

Eddie Lee Marshall is an inmate at the Louisiana State Penitentiary at Angola. He filed this pro se Section 1983 suit against a prison official claiming that he was negligently deprived of his personal property in violation of his due process rights while he was in ten-day disciplinary lockdown.

The facts are not in dispute. After a hearing which resulted in a finding of misconduct, he was removed to segregation for disciplinary reasons for ten days. Marshall was given the opportunity to have his personal property inventoried and stored while he was away from his usual cell assignment, but he declined, and he signed a statement to that effect. He decided to keep his property stored in a box at the back of his cell, hidden from view. After his release from segregation, Marshall returned to his cell to discover that his property was scattered about and that some items were missing. He learned that in his absence his cell as well as all others on his tier had been searched for contraband.

In his complaint, construed liberally, *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), Marshall claims: (1) negligent deprivation of property; (2) invasion of privacy interests; and (3) taking of private property. The district court granted Marshall's motion to proceed in forma pauperis, but Marshall's request for appointment of counsel was denied. The court ordered both parties to move for summary judgment within 15 days of August 25, 1983, and directed them to consider whether *Parratt v. Taylor,* 451 U.S.

527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), controlled the case. *Parratt* held that the individual misconduct of a state prison official did not violate a prisoner's constitutional right as state remedies were available which met due process requirements. After due consideration the court granted summary judgment in favor of the defendant. Marshall timely filed notice of appeal.

This appeal from a grant of summary judgment is reviewed by evaluating the record in the light most favorable to Marshall and by resolving all doubts in his favor. *National Hygienics, Inc. v. Southern Farm Bureau Life*, 707 F.2d 183, 185–186 (5th Cir.1983).

1. Negligence Claim.

■ Marshall contends that prison personnel were negligent in the manner in which they conducted the search of his cell; he maintains that he would not have suffered the loss if they had not left the box containing his property open in plain view. It is his contention that although he waived assigning responsibility to prison employees for any loss when he refused the inventory and storage of his personal property, the officers became accountable once they searched his cell. Defendant Norwood asserts that it was Marshall's refusal of the usual inventory procedure that caused the property loss. He relies on *Bonner v. Coughlin*, 517 F.2d 1311 (7th Cir.1975), *modified en banc*, 545 F.2d 565 (1976), *cert. denied*, 435 U.S. 932, 98 S.Ct. 1507, 55 L.Ed.2d 529 (1978). In *Parratt*, the Supreme Court distinguished between " 'a challenge to an established state procedure as lacking in due process and a property damage claim arising out of the misconduct of state officers.' " 451 U.S. at 542, 101 S.Ct. at 1916 (quoting *Bonner*, 517 F.2d at 1319). The former states a constitutional claim while the latter must be remedied through a state court action. *Id.*, 451 U.S. at 542, 101 S.Ct. at 1916. Thus, negligent deprivation of property through the action of a state employee is not actionable under Section 1983 when an adequate state remedy exists. *Id.* 451 U.S. at 543–544, 101 S.Ct. at 1916–1917.

■ This Court has found that Louisiana law provides an adequate remedy for negligent action. *Brewer v. Blackwell*, 692 F.2d 387, 394 (5th Cir.1982). *See McCrae v. Hankins*, 720 F.2d 863, 869 (5th Cir. 1983) (citing La.Civ.Code Ann. art. 2315 (West Supp.1983)) (court did not decide issue as plaintiff conceded state law remedy existed). Marshall must pursue his claim of negligent official action in Louisiana state courts.

■ For the first time on appeal Marshall claims an established state procedure which recklessly disregards prisoners' property during searches. Such an allegation would state a cognizable Fourteenth Amendment claim, *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982), but as this issue was not raised in the district court, where he claimed individual officers' negligence or recklessness caused this loss, it may not be considered on appeal. *Wiley v. Offshore Painting Contractors, Inc.*, 711 F.2d 602, 608–609 (5th Cir.1983).

2. Privacy Claim.

■ Marshall also claims invasion of his "First Amendment Right to own personal property" when the officers searched his unoccupied cell, and a violation of his right to privacy. Marshall attempts to distinguish his claim from *Parratt* by contending that security personnel unnecessarily searched his cell while he was in segregation. Further, he urges that the guards should have removed him from isolation to witness the search. Marshall concedes that the cell searches on his tier were conducted in an effort to confiscate contraband. He does not allege that he was singled out for harassment. We must conclude that there are no First Amendment rights implicated.

Under the Fourth Amendment, it has been suggested that an inmate may have a limited expectation of privacy. *Bell v. Wolfish*, 441 U.S. 520, 556, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). In *Hudson v. Palmer*, —— U.S. ——, 104 S.Ct. 3194, 81

L.Ed.2d ——, 35 Cr.L. 3230 (1984), the Supreme Court made it clear that a convicted inmate has no expectation of privacy in his cell:

■ociety is not prepared to recognize as legitimate any subjective expectation of privacy that a prisoner might have in his prison cell and ... accordingly, the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell.

*Id.* at —— – ——, 104 S.Ct. at 3200 (plurality opinion). Marshall had no expectation of privacy under these facts.

### 3. Taking of Private Property.

■ Marshall further characterizes the search as a "taking with intent (or reckless disregard) of plaintiff's property" in contravention of the Fourteenth Amendment, relying on *San Diego Gas & Electric Co. v. San Diego*, 450 U.S. 621, 101 S.Ct. 1287, 67 L.Ed.2d 551 (1981). But, if Marshall's property was taken without compensation, he has a remedy in state court. Therefore, he has not been deprived of property without due process. *See Hudson,* —— U.S. at ——, 104 S.Ct. at 3206 (O'Conner, J., concurring).

■ *Hudson* extends the rule of *Parratt* to intentional deprivations of property. At ——, 104 S.Ct. at 3202 (all Justices concurring). If a state provides an adequate post deprivation remedy for intentional as well as negligent deprivation, then the Fourteenth Amendment is not violated. *Id.* at ——, 104 S.Ct. at 3204. *Cf. McCrae,* 720 F.2d at 870 (claim of intentional deprivation of property states a Fourteenth Amendment claim). The burden is on the complainant to show that the remedy is not adequate. *Hudson,* —— U.S. at ——, 104 S.Ct. at 3209 (O'Conner, J., concurring). Appellant has not met this burden. Louisiana law affords an opportunity to redress intentional torts under the same section of the Code by which negligence is remedied. *See* Article 2315, Louisiana Civil Code ("Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.").

Because Marshall has not suffered a loss that is actionable under Section 1983, and as there are no material facts in dispute, summary judgment for defendant was proper.

### 4. Procedural Questions.

■ Marshall also raises several procedural challenges to the district court's action. He first contends that the district court erroneously denied his motion for a default judgment. Marshall served interrogatories by mail on July 8, 1983, and moved to compel discovery August 23, 1983, which motion the Court referred to a magistrate for decision on September 1, 1983. While this motion was pending, both parties filed their motions for summary judgment. In addition, Marshall moved for default judgment, in part due to the failure of defendant to answer interrogatories, which motion the district court denied because of the pending summary judgment motions. Marshall claims that the interrogatories would have shown that he was in lockdown for ten days and that during this time his cell was searched by a prison employee performing an official duty. These facts the defendant does not dispute. The failure to respond, therefore, did not prejudice Marshall, and it was proper for the court to grant summary judgment without first compelling discovery. *Burstein v. State Bar of California,* 693 F.2d 511, 523 (5th Cir.1982).

■ Marshall further contends that it was erroneous to review his prison conduct record, submitted as an exhibit to the defendant's summary judgment motion. Under Fed.R.Civ.P. 56(e), the district court may consider "[s]worn or certified copies of all papers ... referred to in an affidavit." As the contested conduct record here is a certified copy, and as it is referred to in the defendant's affidavit, this objection is meritless. The district court referred to the conduct record to show that Marshall, having been in lockdown before, would not be unfamiliar with the inventory procedure.

Marshall also questions whether an affidavit submitted by a fellow inmate, Virgil Smith, was considered by the district court.

The affidavit is part of the record on appeal and verifies that while Marshall was absent for ten days, his cell was searched and his property left scattered about the cell. Again, as these facts are not in dispute, even if the court overlooked the affidavit no prejudice resulted.

Lacking any showing of error by the district court, the summary judgment in favor of defendant prison official must be affirmed.

AFFIRMED.