Anthony **GENUSA**, **Jr.**,
Plaintiff–Appellee,

v.

**D.J. MUMPHREY, Jr.,**
Defendant–Appellant.

No. 90–3828
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

May 13, 1991.

David E. Walker, Michael T. Tusa, Jr., Walker, Bordelon, Hamlin, Theriot & Hardy, New Orleans, La., for defendant-appellant.

Sidney M. Bach, Bach & Wasserman, Metairie, La., for plaintiff-appellee.

Before JOHNSON, WILLIAMS and DUHÉ, Circuit Judges.

PER CURIAM:

Appellant, D.J. Mumphrey, is the fire chief of the Kenner, Louisiana, Fire Department. He appeals the district court judgment awarding attorney's fees in the amount of $6,857.50 to appellee, Anthony Genusa, a firefighter employed by the Kenner Fire Department. The attorney's fees were awarded in a civil rights action brought under 42 U.S.C. § 1983 and 42 U.S.C. § 1988. The claim was that the fire department and its chief had deprived appellee of one day's pay when he was absent from work while responding to a witness subpoena in a federal court proceeding. Appellee requested damages of the one day's pay and also damages for mental anguish and punitive damages and attorney's fees. On the same day the complaint was filed, Genusa was awarded the one day's pay by the Civil Service Board. The district court in its judgment denied damages for mental anguish and punitive damages, but awarded attorney's fees. We reverse and render.

42 U.S.C. § 1983 provides the federal remedy against a state official acting under color of state law who infringes upon the constitutional or statutory right of the plaintiff. The claim in this case is that Genusa's constitutional rights were violated by the state's initial refusal to pay him for his appearance under subpoena in federal court. 42 U.S.C. § 1988 provides for the discretionary payment of attorney's fees in favor of a plaintiff who prevails in a civil rights claim under § 1983.

Genusa cannot prevail in this case because he makes a claim which does not exist in the law. There is no constitutional right established under the due process and equal protection clauses of the Fourteenth Amendment which requires a state or local government employer to pay wages for days in which an employee misses work to respond to a subpoena in federal court. The federal law takes care of subpoenaed witnesses by providing in 28 U.S.C. § 1821 for an attendance fee of $40 a day for each day's attendance by a witness. In addition to this per diem, the same statutory provision grants expenses in travelling to and from the site of the court and a subsistence allowance if overnight stay is required.

Genusa would have had a claim of violation of constitutional rights if the fire department had refused to allow him leave to respond to the subpoena. *See generally, Hurtado v. United States*, 410 U.S. 578, 589, 93 S.Ct. 1157, 1164, 35 L.Ed.2d 508 (1973). But it did not do so. It only initial-

ly refused to pay his wages for the time he was absent responding to the subpoena. By analogy, there is also no constitutional right for a state employee called to jury duty to be paid his or her regular state wages while serving on a federal jury. *See generally, Dean v. Gadsden Times Publishing Corp.*, 412 U.S. 543, 93 S.Ct. 2264, 37 L.Ed.2d 137 (1973) (per curiam); *Hurtado*, 410 U.S. at 589, 93 S.Ct. at 1164.

■ Genusa also might have had a colorable claim under § 1983 if the fire department ultimately did refuse to pay his wages because such a refusal would deprive him of a property right in violation of state law which entitled him to his wages. But this did not occur because he immediately invoked the administrative processes, and he was awarded his pay for the day in court under the local law enforced by the effective state administrative procedures before the Civil Service Board. The result is that there was neither a procedural nor substantive constitutional violation in the original denial of his wages since it was rectified by the state under effective procedure by the time his § 1983 suit was filed. *See Parratt v. Taylor*, 451 U.S. 527, 538, 101 S.Ct. 1908, 1915, 68 L.Ed.2d 420 (1981); *Marshall v. Norwood*, 741 F.2d 761, 764 (5th Cir.1984).

The conclusion must be that Genusa had no cause of action under § 1983 for a violation of the Constitution. It is not necessary, therefore, to rely to any degree upon the fact that he did not prevail in any aspect of his suit to determine he was not entitled to attorney's fees. He clearly could not be awarded attorney's fees under § 1988 because he had no constitutional right to be enforced under § 1983. He was left with whatever remedies, if any, he might have had against the local governmental body in state court for whatever damages he might be able to establish solely as a result of temporarily being denied his wages, a denial which was rectified as soon as he pursued the internal administrative procedures provided under state law. *See Hudson v. Palmer*, 468 U.S. 517, 534, 104 S.Ct. 3194, 3204, 82 L.Ed.2d 393 (1984).

It follows that neither § 1983 nor § 1988 are implicated in this case in any way. The judgment must be reversed and a take nothing judgment entered in favor of Chief Mumphrey of the Kenner, Louisiana, Fire Department.

REVERSED AND RENDERED.