IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-30555
Conference Calendar
_____

DARRION HARRIS,

                                        Plaintiff-Appellant,

versus

CHARLES C. FOTI, JR. Sheriff,
GARY BORDELON, Warden,

                                        Defendants-Appellees.

- - - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. CA-95-935-T
- - - - - - - - - - -
(October 18, 1995)
Before POLITZ, Chief Judge, and REAVLEY and SMITH, Circuit Judges.

PER CURIAM:[*]

Darrion Harris filed this pro se, in forma pauperis (IFP),
42 U.S.C. § 1983 suit against Orleans Parish Criminal Sheriff
Charles Foti and Warden Gary Bordelon, alleging that prison
officials did not return his radio, tapes, batteries, pencils,
and $ 25.63 in his prison account when he was transferred from
Orleans Parish Prison to another jail.

---

[*]     Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the court has determined
that this opinion should not be published.

Harris also appears to be arguing for the first time on appeal the deprivation of other property, including a pair of eyeglasses, towels, clothing, a photo book, legal pads, and legal work, that he says was not returned to him when he was transferred out of Orleans Parish Prison.  "Issues raised for the first time on appeal are not reviewable by this court unless they involve purely legal questions and failure to consider them would result in manifest injustice."  Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).  Harris' issue would necessarily involve fact questions.  Therefore, this court will not consider it.

The district court dismissed a portion of Harris' complaint because Harris had previously alleged the deprivation of his tapes and pencils in prior suits.  Harris does not challenge this contention on appeal.  Therefore, he has abandoned this issue by failing to brief it on appeal. See Brinkmann v. Abner, 813 F.2d 744, 748 (5th Cir. 1987).

The district court also dismissed the rest of Harris' complaint regarding the taking of Harris' radio, batteries, and money, stating Harris had alleged only a claim of deprivation of property, which was, at most, an intentional, random act.  Harris does not claim that prison officials took Harris' property as part of an established procedure.  Therefore, the district court did not abuse its discretion in dismissing Harris' action.  See Hudson v. Palmer, 468 U.S. 517, 532-534 (1984); Marshall v. Norwood, 741 F.2d 761, 763-64 (5th Cir. 1984).

AFFIRMED.