IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 97-20667
Conference Calendar

———————————————

JOHN THOMAS BAGLEY,

                                        Plaintiff-Appellant,

versus

GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

                                        Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-96-CV-2684
- - - - - - - - - -
December 9, 1997
Before BARKSDALE, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

     John Thomas Bagley, Texas prisoner # 652853, appeals the

dismissal of his civil rights complaint as frivolous.  Bagley

does not suggest that the district court erred by sanctioning him

$50 for filing a frivolous complaint or by determining that he is

barred from filing future complaints in forma pauperis (IFP)

pursuant to 28 U.S.C. § 1915(g).

     Bagley's complaint does not allege a constitutional

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

violation because he has an adequate state-law postdeprivation remedy for the deprivation of property alleged in the complaint. Marshall v. Norwood, 741 F.2d 761, 764 (5th Cir. 1984); Thompson v. Steele, 709 F.2d 381, 383 (5th Cir. 1983).  Accordingly, the district court did not abuse its discretion by dismissing the complaint as frivolous.  The appeal is without arguable legal merit, and it is therefore DISMISSED AS FRIVOLOUS.  Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2.

Bagley is BARRED from proceeding IFP under the Prison Litigation Reform Act of 1995 (PLRA) because, on at least three occasions while incarcerated, he has brought an action or an appeal in a United States court that was dismissed as frivolous or for failure to state a claim.  Bagley v. Tolle, No. 96-10831 (5th Cir. May 30, 1997) (affirmance of the district court's dismissal of complaint for failure to state a claim); Bagley v. Johnson, No. 97-20160 (5th Cir. Dec. 8, 1997) (dismissal as frivolous of appeal of district court's dismissal of civil rights complaint as frivolous); see 28 U.S.C. § 1915(g); Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996).  Accordingly, Bagley's IFP status is DECERTIFIED, and he may not proceed IFP in any civil action or appeal filed while he is in prison unless he is under imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

APPEAL DISMISSED; IFP DECERTIFIED; 28 U.S.C. § 1915(g) SANCTION IMPOSED.