IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-50476
Summary Calendar

_____

WENDELL MORRIS ROBERSON,

Plaintiff-Appellant,

versus

DAN MORALES, Attorney General;
JOHN C. BARTON; WILLIAM K.
HERRING; JOHN B. WORLEY,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Texas
(A-96-CV-445)

_____

July 8, 1999

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

Wendell Morris Roberson, Texas prisoner #443120, appeals the
district court's grant of summary judgment in favor of the
defendants and the dismissal of his civil rights complaint. He
argues that his pleadings established that the defendants
intentionally withheld the state record from him in his previous
federal habeas case and that they violated his due process and
equal protection rights, his right to self-representation, and his

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

right of access to the courts. He also challenges the magistrate judge's denial of his motion for an extension of time in order to conduct discovery.

Roberson's civil rights complaint alleged that the defendants failed to provide Roberson with the state record in his previous 28 U.S.C. § 2254 case, that he was entitled to receive the state record, and that the district court in the habeas case had twice ordered the state to provide Roberson with the record.

We review the district court's grant of summary judgment de novo. Guillory v. Domtar Industries, Inc., 95 F.3d 1320, 1326 (5th Cir. 1996). Under the doctrine of qualified immunity, the defendants are entitled to a judgment as a matter of law if their actions were objectively reasonable in the light of clearly established law existing at the time of the alleged offense. See Mangieri v. Clifton, 29 F.3d 1012, 1016 (5th Cir. 1994). Whether a defendant is entitled to qualified immunity is a two-step inquiry, and the first question is whether the plaintiff alleged the violation of a clearly established constitutional right. See Seigert v. Gilley, 500 U.S. 226, 232 (1991).

Rule 5 of the Rules Governing § 2254 Cases does not require the respondent to serve the petitioner with a copy of the state record, but rather requires only that the respondent submit into the habeas record those portions of the state record he or the court deems relevant. Roberson cites to no authority stating that he was entitled to receive the state record. Furthermore, the two

orders of the district court in Roberson's § 2254 case required only that the respondent produce documents for the record, not that the documents had to be provided to Roberson. Roberson failed to establish that the defendants violated a clearly established constitutional right by not providing him with the state record, and the defendants were thus entitled to qualified immunity. See Seigert, 500 U.S. at 232.

Furthermore, any discovery Roberson sought in order to prove the defendants' alleged unreasonable motives with not providing him with the state record would not have assisted Roberson in overcoming the qualified immunity defense. The denial of Roberson's discovery motion was not an abuse of discretion. See King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994); Marshall v. Norwood, 741 F.2d 761, 764 (5th Cir. 1984). The judgment of the district court is

A F F I R M E D.[1]

---

[1]Roberson's motion to supplement the record on appeal is GRANTED.