IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-41072
Conference Calendar
_____


WILLIAM EARL CUNNINGHAM,

                                        Plaintiff-Appellant,

versus

JEFFREY GUNNELS, CORRECTIONAL OFFICER III Officer,
Eastham Unit of the Texas Department of Criminal
Justice; BLAKELY MUSTON, CORRECTIONAL OFFICER III Officer,
Eastham Unit of the Texas Department of Criminal
Justice; CHARLES MARTIN, Warden, In his official capacity
as warden at Eastham Unit of the Texas Department of
Criminal Justice; KENNETH SULEWSKI, In his official
capacity as captain, Eastham Unit of the Texas Department
of Criminal Justice; SHIRLEY B. WYATT, In his official
capacity as Disciplinary Captain, Eastham Unit of the Texas
Department of Criminal Justice,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:94-CV-203
--------------------

October 20, 1999

Before JONES, WIENER, and STEWART, Circuit Judges.

PER CURIAM:[*]

    William Earl Cunningham, Texas prisoner #643591, appeals
from the dismissal of his civil rights action following a jury
trial.  Cunningham moves for the preparation of the trial

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

transcript at government expense and for oral argument. Cunningham's transcript and oral argument motions are DENIED. The appellees move for the dismissal of Cunningham's appeal; for the reasons that follow, the appellees motion is GRANTED.

Cunningham contends that the magistrate judge erred by denying his discovery motions; that the magistrate judge erred by denying his motion for a default judgment; that he was deprived of access to the courts by limitations on his law-library access; that the magistrate judge erred by denying his motions for appointment of counsel; that the appellees inflicted cruel and unusual punishment; that the district court erred by denying various motions for restraining orders; that the magistrate judge erred by denying his requests for medical witnesses; that most jurors at his trial were prison system employees; that the appellees deprived him of a fair trial; and that the magistrate judge deprived him of a fair trial. With the exception of the issues discussed below, Cunningham has failed to brief his issues for appeal. *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Cunningham has failed to show prejudice resulting from the denial of his discovery motions. *Marshall v. Norwood*, 741 F.2d 761, 764 (5th Cir. 1984). No default judgment against the appellees would have been appropriate for their alleged failure to comply with discovery orders. FED. R. CIV. P. 55(a).

Cunningham has failed to show that he was deprived of the ability to prepare and transmit necessary documents to the court due to the limitations on his law library access. He has failed

to show a deprivation of his right of access to the courts. *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993).

Cunningham does not indicate why he needed counsel's guiding hand to assist in questioning witnesses or instructing the jury; Cunningham asserts those reasons for appointment of counsel for the first time on appeal. He has failed to show plain error regarding the denial of his motions for appointment of counsel. *Highlands Ins. Co. v. National Union Fire Ins. Co.*, 27 F.3d 1027, 1032 (5th Cir. 1994).

Cunningham's appeal is without arguable merit and is frivolous. The dismissal of Cunningham's appeal as frivolous counts as a strike pursuant to 28 U.S.C. § 1915(g). We are aware that Cunningham already is barred by § 1915(g) from proceeding in forma pauperis (IFP) unless he is under imminent danger of serious physical injury. *Cunningham v. Heuszel*, No. 97-40931 (5th Cir. Aug. 20, 1998)(unpublished). Because Cunningham filed the notice of appeal in the instant case before he achieved three-strike status, the bar of § 1915(g) does not affect the instant appeal.

APPEAL DISMISSED AS FRIVOLOUS. 5TH CIR. R. 42.2.