IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-60506
Summary Calendar
_____

ROGER W. SIMS; JACQUELINE JAMES,

                                   Plaintiffs-Appellants,

versus

DRUG ENFORCEMENT ADMINISTRATION,

                                   Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:93-CV-170-S-A
--------------------
July 5, 2000

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Roger W. Sims and Jacqueline James, who are both federal prisoners (# 09462-042 and # 09460-042, respectively) appeal the district court's dismissal of their pro se, in forma pauperis ("IFP") civil complaint as frivolous, pursuant to 28 U.S.C. § 1915(e)(2), on the basis of res judicata.

    Under federal law, an action is barred by the doctrine of res judicata if (1) the parties are identical or in privity in both the instant action and a prior action; (2) the prior judgment was rendered by a court of competent jurisdiction;

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(3) the prior judgment was final on the merits; and (4) the cases involve the same cause of action. Nagle v. Lee, 807 F.2d 435, 439 (5th Cir. 1987). Normally, when an appellant fails to address a potential error in the district court's analysis, it is the same as if the appellant had not appealed that aspect of the judgment. See Brinkmann v. Dallas County Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). The plaintiffs challenge only one aspect of the district court's res judicata ruling; they argue that one of the two prior judgments held to be res judicata--the district court's dismissal as frivolous of their prior "Motion for Return of Property"--was not "on the merits" because this court had dismissed their appeal of such matter for lack of jurisdiction. Nonetheless, the district court's dismissal of such earlier IFP action as frivolous was res judicata with respect to the same issues raised in their current IFP action. See Marts v. Hines, 117 F.3d 1504, 1505-06 (5th Cir. 1997). The district court did not abuse its discretion in dismissing the plaintiffs' action as frivolous on res judicata grounds. See Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999).

The plaintiffs have largely abandoned their substantive challenges to the seizures of their property by the DEA. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). They do summarily contend (1) that the DEA provided inadequate notice to Sims with respect to jewelry, in which Sims allegedly had ownership interest, seized from James' residence and subsequently forfeited and (2) that the DEA improperly served notice of forfeiture on James' brother, who allegedly was mentally

incompetent.  Neither of these claims was pursued in district court except in the most conclusional fashion, and at this time the plaintiffs fail to cite to the record on appeal with respect to these claims.  Accordingly, even if it is assumed <u>arguendo</u> that the prior judgments against Sims and James were not <u>res</u> <u>judicata</u> as to these claims, they are nevertheless without merit.

The plaintiffs have not shown that they were prejudiced by the district court's denial of their motion to conduct discovery after the DEA filed its motion to dismiss or, in the alternative, for summary judgment.  <u>See</u> <u>Marshall v. Norwood</u>, 741 F.2d 761, 764 (5th Cir. 1984).  No abuse of discretion is apparent.  <u>King v. Dogan</u>, 31 F.3d 344, 346 (5th Cir. 1994).

The district court's judgment is AFFIRMED.