IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-30484
Summary Calendar
_____

DAVE MILTON ALLEN,

                                        Plaintiff-Appellant,

versus

BARBARA FUSELIER; DRUE BERGERA; CEREY DICKSON,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 01-CV-215
- - - - - - - - - -
August 7, 2001

Before JOLLY, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

    Dave Milton Allen, an Immigration and Naturalization Service detainee and Jamaican national, appeals from the district court's sua sponte dismissal of his 42 U.S.C. § 1983 civil rights complaint as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).  Allen asserted that the defendants violated his right to privacy by reading through his legal papers and then violated his due process rights by conspiring to draw an excessive amount of money from his inmate account for notary fees.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because Allen is an INS detainee, he is not a "prisoner" under the Prison Litigation Reform Act ("PLRA"). See Ojo v. INS, 106 F.3d 680, 682 (5th Cir. 1997). The PLRA does not apply to him. See Edwards v. Johnson, 209 F.3d 772, 776 (5th Cir. 2000). Accordingly, the district court erred in dismissing Allen's complaint on the basis of 28 U.S.C. § 1915(e)(2)(B). We may affirm the dismissal, however, on the alternative ground that Allen's complaint failed to state a claim pursuant to FED. R. CIV. P. 12(b)(6). See Bickford v. Int'l Speedway, 654 F.2d 1028, 10131 (5th Cir. 1981) (dismissal may be affirmed on alternative grounds). Under Rule 12(b)(6), this court must assume the truth of all of the plaintiff's factual allegations and will uphold the lower court "only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations." Heitschmidt v. City of Houston, 161 F.3d 834, 835 (5th Cir. 1998).

Insofar as Allen is contending that the defendants violated his privacy rights under the Fourth Amendment, an inmate has no privacy interest in his cell or in the personal property contained therein. See Valencia v. Wiggins, 981 F.2d 1440, 1444 (5th Cir. 1993); Bell v. Wolfish, 441 U.S. 520, 537 (1979). Allen himself has acknowledged that the defendants were going through his papers in order to determine which pages or papers required notarization. Allen has not stated a cognizable First Amendment claim of denial of access to the courts because his allegations reflect neither that he was prevented from preparing and transmitting documents to a court nor that he was actually

prejudiced.  See Brewer v. Wilkinson, 3 F.3d 816, 821 (5th Cir. 1993); Lewis v. Casey, 518 U.S. 343, 350-51 (1996).

Allen's assertion that the defendants improperly removed $75 from his inmate account is frivolous because the existence of a postdeprivation tort cause of action in state law is sufficient to satisfy the requirements of due process.  Parratt v. Taylor, 451 U.S. 527, 541-44 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Hudson v. Palmer, 468 U.S. 517, 533 (1984); Marshall v. Norwood, 741 F.2d 761, 763-64 (5th Cir. 1984).

The judgment of the district court is AFFIRMED.