IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40608
Summary Calendar
_____

REGINALD JONES,

Plaintiff-Appellant,

versus

CHARLES CLARK, Correctional Officer III;
WILBUR CARROLL, JR.; Correctional Officer III;
STEVEN R. SWIFT, Major; LELAND HEUSZEL, Assistant Warden;
BILL LEWIS, Regional Director,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:98-CV-290
--------------------
August 2, 2002

Before JONES, SMITH and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Reginald Jones (TDCJ # 781143) appeals the verdict in favor of the defendants following a jury trial of his pro se civil rights complaint wherein he alleged that prison guards used excessive force against him. In his original brief, Jones lists eighty enumerated "legal issues," the majority of which are single-sentence assertions of error containing no citations to the record

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

or legal authority. Although this court applies less stringent standards to parties proceeding pro se than to parties represented by counsel and liberally construes briefs of pro se litigants, pro se litigants must still brief the issues and reasonably comply with the requirements of FED. R. APP. P. 28. Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995); Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993). Failure by the appellant to identify any error in the district court's analysis or application to the facts of the case is the same as if the appellant had not appealed that judgment. Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Liberally construing both Jones's original and reply briefs, Jones has adequately briefed the following issues for appeal:
(1) whether the jury verdict was unreasonable; (2) whether he unfairly was prejudiced by discovery rulings; and (3) whether jury instructions were flawed. To the extent that Jones intended to raise any issues other than those listed above, Jones has waived those arguments by failing to adequately brief them on appeal. See Yohey, 985 F.2d at 225.

Jones argues that the jury's verdict was in error because the defendants falsely testified that he resisted them after he was handcuffed. He suggests that it was "illogical" for the jury to conclude that he would "wait to be handcuff[ed] and request for supervisor ... to pull away violently."

We will uphold the jury's verdict unless the facts and inferences point so strongly and so overwhelmingly in favor of Jones that reasonable men could not arrive at any verdict to the contrary. See Brown v. Bryan County, Okl., 67 F.3d 1174, 1180 n.11 (5th Cir. 1995). All evidence and the reasonable inferences drawn from such evidence should be considered in the light most favorable to the defendants. Id.

Jones's argument is essentially a challenge to the credibility of the defendant-witnesses. We will not weigh conflicting evidence or determine the credibility of witnesses because that function is within the province of the finder of fact. Martin v. Thomas, 973 F.2d 449, 453 & n.3 (5th Cir. 1992). Jones's challenge to the jury verdict is without merit.

Jones argues that he was denied a fair trial because the defendants failed to provide a copy of TDCJ's use-of-force manual at trial. He also argues that the district court erred by denying his request for discovery of the disciplinary records and personnel files of the defendants.

Discovery issues are entrusted to the sound discretion of the district court. King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994). "[D]iscovery rulings will be reversed only where they are arbitrary or clearly unreasonable." Mayo v. Tri-Bell Indus., Inc., 787 F.2d 1007, 1012 (5th Cir. 1986). There is no abuse of discretion when the litigant is unable to establish prejudice

resulting from the district court's discovery ruling. <u>Marshall v. Norwood</u>, 741 F.2d 761, 764 (5th Cir. 1984).

A prison official's failure to follow the prison's own policies does not necessarily constitute a violation of due process, if constitutional minima have been satisfied. <u>See</u> <u>Myers v. Klevenhagen</u>, 97 F.3d 91, 94 (5th Cir. 1996). Moreover, the parties agreed to the matter which Jones sought to introduce through the manual -- that TDCJ policy requires that all steps should be taken to prevent the use of force. Thus, Jones cannot establish that his position as a litigant was prejudiced because he did not have a copy of the TDCJ policy manual.

The district court denied Jones's request for the disciplinary records after concluding that they were "generally not relevant" because and "the fact that inmates file grievances against officers complaining that force was used on them is not proof that force actually was used." The court also noted that it previously had ordered the defendants to disclose any and all information concerning whether an allegation of excessive force by them had been sustained. No abuse of discretion has been shown. <u>King</u>, 31 F.3d at 346.

We also reject Jones's argument that the "jury instructions" were improper because the jury should have been provided with the use-of-force manual during deliberations so that the jury could examine whether the defendants could use force to enforce a grooming violation. As discussed above, Jones has not

demonstrated that the district court acted unreasonably by proceeding without Jones having a copy of the TDCJ manual.  See Mayo, 787 F.2d at 1012.  Jones's "jury instruction" argument thus is without merit.  The judgment of the district court is **AFFIRMED**.