IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-30219
Conference Calendar

_____

DREW DAVID ARNOLD,

                                        Plaintiff-Appellant,

versus

INMATE ACCOUNTS AT
LOUISIANA STATE PENITENTIARY,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 01-CV-944-A
--------------------
August 20, 2002

Before HIGGINBOTHAM, DAVIS, and PARKER, Circuit Judges.

PER CURIAM:*

    Drew David Arnold, Louisiana prisoner number 96979, appeals
the district court's dismissal of his 42 U.S.C. § 1983 suit as
frivolous and for failure to state a claim pursuant to 28 U.S.C.
§ 1915(e)(2)(B)(i) and (ii).  Arnold maintains that the defendant
improperly lost his savings bonds.  Arnold has not shown that the
district court erred in determining that, to the extent that
Arnold sought an order compelling the defendant to perform

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

certain acts, the district court lacked jurisdiction to do so. 28 U.S.C. § 1361.

Arnold also has not shown that the district court erred in determining that he had failed to raise a cognizable 42 U.S.C. § 1983 claim. To successfully raise a 42 U.S.C. § 1983 claim, the plaintiff must allege a violation of a constitutional right. See Johnson v. Dallas Indep. Sch. Dist., 38 F.3d 198, 200 (5th Cir. 1994). Arnold's allegation of wrongful deprivation of property does not implicate a constitutional right because Louisiana provides an adequate postdeprivation remedy for property loss claims. Marshall v. Norwood, 741 F.2d 761, 763-64 (5th Cir. 1984). Accordingly, the judgment of the district court is AFFIRMED.