IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-30593
Conference Calendar
_____

MARLON DEWAYNE BENNETT,

                                        Plaintiff-Appellant,

versus

LOUISIANA DEPARTMENT OF PUBLIC
SAFETY AND CORRECTIONS; C.M.
LENSING; THOMAS HOOPER; LEON
LANOUX; UNKNOWN STANLEY, Sgt.,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 02-CV-369
--------------------
February 19, 2003

Before WIENER, EMILIO M. GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Marlon Dewayne Bennett, Louisiana prisoner # 359848, appeals from the district court's dismissal of his 42 U.S.C. § 1983 civil rights complaint as frivolous, for failure to state a claim, and for seeking monetary relief from an immune defendant. 28 U.S.C. § 1915(e)(2)(B)(i),(ii),(iii). Bennett also appeals the district court's denial of his motion to amend or alter the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

judgment pursuant to FED. R. CIV. P. 59(e); however, he has failed to brief the issue on appeal. Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). Bennett argues that the prison's confiscation of his jars of peanut butter and jelly constitutes a violation of due process, cruel and unusual punishment, and a taking of property without just compensation.

Bennett cannot raise a cognizable property deprivation claim under 42 U.S.C. § 1983 because Louisiana provides an adequate postdeprivation remedy for property loss claims. See Marshall v. Norwood, 741 F.2d 761, 763-64 (5th Cir. 1984). Likewise, Bennett cannot avail himself of the Due Process Clause on his claim for just compensation as an adequate postdeprivation remedy exists in state court. See id. at 764.

Bennett advances only a conclusional argument with respect to his Eighth Amendment cruel and unusual punishment claim. See Brinkmann v. Dallas County Deputy Sherriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). Similarly, Bennett fails to allege specific facts with respect to individual prison officials to raise a successful 42 U.S.C. § 1983 cause of action. See Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002). The district court properly dismissed Bennett's claims pursuant to 28 U.S.C. § 1915(e)(2)(i) and (ii). See Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999) (affirming 28 U.S.C. § 1915(e)(2)(B) dismissal on any basis supported by the record).

Bennett's appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, his appeal is DISMISSED. 5TH CIR. R. 42.2. The district court's dismissal of the present case and our dismissal of this appeal count as two strikes against Bennett for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). We caution Bennett that once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

DISMISS APPEAL AS FRIVOLOUS; THREE-STRIKES WARNING ISSUED.