**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**October 22, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-30359
Conference Calendar

ZEBEDEE HUTCHINSON,

                                        Plaintiff-Appellant,

versus

REBA PRUDHOMME,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 02-CV-2323
--------------------

Before KING, Chief Judge, and JOLLY and STEWART, Circuit Judges.

PER CURIAM:[*]

    Zebedee Hutchinson ("Hutchinson"), Louisiana state prisoner #98608, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint as frivolous and for failure to state a claim. See 28 U.S.C. § 1915(e)(2). Hutchinson argues that prison personnel mishandled and embezzled funds deposited in his inmate account. We review a dismissal for failure to state a claim *de*

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*novo*.  See Harper v. Showers, 174 F.3d 716, 718 & n.3 (5th Cir. 1999).

Hutchinson has failed to establish a due process claim because a post-deprivation tort cause of action in state law is sufficient to satisfy the requirements of due process.  See Hudson v. Palmer, 468 U.S. 517, 533 (1984); Caine v. Hardy, 943 F.2d 1406, 1413 (5th Cir. 1991)(en banc).  Louisiana provides an adequate post-deprivation remedy for property loss claims.  See Marshall v. Norwood, 741 F.2d 761, 763-64 (5th Cir. 1984); LA. CIV. CODE ANN. art. 2315 (West 2002).

Hutchinson's appeal is without arguable merit and is dismissed as frivolous.  See 5TH CIR. R. 42.2; Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  The dismissal of the appeal as frivolous and the district court's dismissal of Hutchinson's 42 U.S.C. § 1983 complaint as frivolous and for failure to state a claim each count as a "strike" under the three-strikes provision of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996).  Hutchinson is CAUTIONED that if he accumulates three "strikes" under 28 U.S.C. § 1915(g), he will not be able to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; THREE-STRIKES WARNING ISSUED.