# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 14, 2008

Charles R. Fulbruge III
Clerk

No. 06-41559
Summary Calendar

KENNETH L HILL

Plaintiff-Appellant

v.

BENJAMIN CRUZ, JR; ALBERT GARCIA

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:03-CV-222

Before KING, DAVIS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Kenneth L. Hill, Texas prisoner # 840441, appeals from the dismissal with prejudice of his civil-rights lawsuit, filed pursuant to 42 U.S.C. § 1983, as frivolous and for failure to state a claim. Hill argues that the district court erred by granting summary judgment for the defendants as to his underlying claims alleging violations of the First Amendment, the Religious Land Use and Institutionalized Persons Act (RLUIPA), the Texas state constitution, and the Texas Civil Practice and Remedies Code. Hill is an orthodox Muslim and his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

claims stem from TDCJ's policy regarding the substitution of pork entrees with other food items.

This court reviews de novo the district court's grant of summary judgment. Cousin v. Small, 325 F.3d 627, 637 (5th Cir. 2003). For the first time on appeal, Hill alleges that the peanut butter served by the defendants contains pork by-product and that the defendants violated his equal protection rights. Those arguments will not be considered on appeal. See Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Disc. Ctrs., Inc., 200 F.3d 307, 316-17 (5th Cir. 2000).

Hill failed to show that the defendants' challenged actions violated the Establishment Clause or the Free Exercise Clause of the First Amendment. See Baranowski v. Hart, 486 F.3d 112, 122 (5th Cir. 2007), cert. denied, 2007 WL 2230954 (U.S. Dec. 3, 2007) (No. 07-137); Van Orden v. Perry, 351 F.3d 173, 177 (5th Cir. 2003). Based on the uncontroverted summary judgment evidence, Hill's RLUIPA claim failed because he did not show that the defendants imposed a substantial burden on the exercise of his religion. Adkins v. Kaspar, 393 F.3d 559, 567 (5th Cir. 2004). Even if he had shown a substantial burden, Hill's RLUIPA claim would failed because the challenged TDCJ policy would pass the compelling interest test. See Baranowski, 486 F.3d at 125-26. Moreover, because the district court dismissed Hill's federal claims, Hill's state law claims were also properly dismissed. See Wong v. Stripling, 881 F.2d 200, 203-04 (5th Cir. 1989).

Hill also contends that the district court did not view his response to the defendants's motion for summary judgment and erred by failing to allow him to amend his complaint sua sponte prior to the dismissal. The district court explicitly noted that Hill had filed a response to the defendants' summary judgment motion. Moreover, the district court did not abuse its discretion by failing to allow Hill to amend his complaint at that stage of the proceedings. See Freeman v. Continental Gin Co., 381 F.2d 459, 468-69 (5th Cir. 1967).

Accordingly, the district court's judgment is AFFIRMED.