# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-41185

United States Court of Appeals
Fifth Circuit

**FILED**

January 28, 2016

Lyle W. Cayce
Clerk

GEORGE JONES,

Plaintiff-Appellant

v.

JOSE CORTEZ; YOLANDA CHAVEZ,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:13-CV-608

Before CLEMENT, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

George Jones, Texas prisoner # 1436799, filed a 42 U.S.C. § 1983 complaint against Property Officer Jose Cortez and Unit Grievance Officer Yolanda Chavez, both employed by the Texas Department of Criminal Justice prison in Edinburg, Texas. Jones alleged that Cortez refused to forward and subsequently destroyed his personal property following his transfer from Edinburg to the Jordan Unit in Pampa, Texas. He alleged that Cortez destroyed his property without a hearing or notification, in violation of his property interests rights. Jones contended that Chavez refused to process his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-41185

grievances complaining of his loss of his property, in violation of Texas Government Code § 501.007 and the Due Process Clause.  The district court dismissed Jones's complaint as frivolous and for failure to state a claim and denied Jones's motion for leave to proceed in forma pauperis (IFP), certifying that his appeal was not taken in good faith.

Now, Jones moves this court for authorization to proceed IFP.  Jones's motion is construed as a challenge to the district court's certification decision. *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  Our inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).  If we uphold the district court's certification decision, Jones must pay the appellate filing fee or the appeal will be dismissed for want of prosecution.  *See Baugh*, 117 F.3d at 202.  However, if the appeal is frivolous, we may dismiss it sua sponte under Fifth Circuit Rule 42.2.  *Id*. at 202 n.24.

Jones does not address the basis of the district court's dismissal of his claim against Chavez.  Accordingly, he has abandoned any challenge to dismissal of that claim on appeal.  *See Brinkmann v. Dallas County Deputy Sheriff Abner,* 813 F.2d 744, 748 (5th Cir. 1987); *Hughes v. Johnson,* 191 F.3d 607, 613 (5th Cir. 1999).

With regard to his claim against Cortez, as correctly determined by the district court, the intentional, unauthorized deprivation of property caused by state officials does not infringe constitutional due process rights of a prisoner provided that adequate state post-deprivation remedies exist. *See Zinermon v. Burch*, 494 U.S. 113, 115 (1990).  Such post-deprivation remedies exist in Texas. *See Murphy v. Collins*, 26 F.3d 541, 543-44 (5th Cir. 1994; TEX. GOV'T CODE § 501.007.  Jones has failed to meet his burden of showing that such post-

2

No. 14-41185

deprivation remedies were inadequate in his case. *See Marshall v. Norwood*, 741 F.2d 761, 764 (5th Cir. 1984).

Jones argues that the district court erred in failing to construe his pro se complaint liberally, impermissibly held him to the same standards as a formally trained lawyer, failed to accept his factual allegations as true, and failed to draw all reasonable inferences in his favor. Jones's assertions are belied by the record. Nor did the district court abuse its discretion in failing to appoint counsel. *See Castro Romero v. Becken,* 256 F.3d 349, 354 (5th Cir. 2001). Jones failed to show exceptional circumstances warranting the appointment of counsel. *See Jackson v. Cai*n, 864 F.2d 1235, 1242 (5th Cir. 1989).

In sum, Jones has not shown that the district court erred in certifying that his appeal was not taken in good faith, and his IFP motion is denied. *See Baugh*, 117 F.3d at 202. The instant appeal is without arguable merit and is dismissed as frivolous. *See id.* at 202 n.24; *Howard*, 707 F.2d at 219-20; 5TH CIR. R. 42.2. The dismissal of Jones's complaint by the district court as frivolous and for failure to state a claim, and the dismissal of his appeal as frivolous each count as a strike pursuant to 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 385-87 (5th Cir. 1996). Jones garnered a prior strike in *Jones v Presas*, No. 7:10-cv-061 (S.D. Tex. March 29, 2011). Accordingly, he has three strikes and is now barred under § 1915(g) from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

APPEAL DISMISSED; MOTION FOR LEAVE TO PROCEED IFP DENIED; 28 U.S.C. § 1915(g) BAR IMPOSED.