# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-20014
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 2, 2016

Lyle W. Cayce
Clerk

KENNETH L. HILL,

Plaintiff-Appellant

v.

THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE - CORRECTIONAL INSTITUTIONS DIVISION; MICHAEL EDISON; SHAWN JONDER; TONESHIA EZEH; JOYCE DICKERSON,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CV-2045

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:*

Proceeding pro se and in forma pauperis (IFP), Kenneth L. Hill, Texas prisoner # 840441, filed a civil complaint in the district court alleging that prison officials had taken his property in violation of his various state and federal rights, that he had sought post-deprivation remedies in Texas state courts, and that each of the state courts in which he sought relief dismissed his

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

action.  He asked the district court to order the state appellate court to prepare an appellate record, and he generally argued that the claims he raised in the state courts were justiciable and meritorious.  The district court dismissed the action for lack of jurisdiction to the extent that it sought mandamus relief.  Otherwise, it construed the action as a 42 U.S.C. § 1983 complaint and dismissed it as frivolous pursuant to 28 U.S.C. § 1915A(b)(1).  Hill now appeals.

The district court correctly determined that it lacked authority to grant the mandamus relief sought by Hill, *see Moye v. Clerk, DeKalb Cty. Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973), and Hill has abandoned any challenge to this jurisdictional ruling by failing to brief it on appeal, *see Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999); *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993); *Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

We review the dismissal of Hill's § 1983 claims as frivolous for an abuse of discretion.  *Green v. Atkinson*, 623 F.3d 278, 279-80 (5th Cir. 2010).  A prisoner's IFP complaint "may be dismissed as frivolous if it lacks an arguable basis in law or fact."  *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).  This can occur where a complaint is "based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist."  *Id*.  The district court did not abuse its discretion in dismissing Hill's § 1983 claims as frivolous.  *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 543-44 (1981); *Murphy v. Collins*, 26 F.3d 541, 543-44 (5th Cir. 1994); *Marshall v. Norwood*, 741 F.2d 761, 764 (5th Cir. 1984); TEX. GOV'T CODE ANN. § 501.007.

Hill states as issues for consideration whether he should have been allowed to amend his pleadings and whether the district court inappropriately resolved genuine issues or applied erroneous legal conclusions.  He provides no

No. 15-20014

discussion of those issues, however. Because the issues are inadequately briefed, *Brinkmann*, 813 F.2d at 748, they have been abandoned here.

In his prayer for relief, Hill seeks a declaratory judgment that the district court and each of the state courts that have been involved in his post-deprivation actions have engaged in fraud. Nothing in Hill's pleadings provides a basis for such a scurrilous allegation. Hill's request for declaratory relief is denied, and Hill is warned that any future filings containing inappropriate, scurrilous, abusive, or contumacious language concerning judicial personnel will be stricken and dismissed with prejudice.

The judgment of the district court is affirmed. The district court's dismissal of Hill's complaint as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 385-87 (5th Cir. 1996). Hill has at least one other strike. *See Hill v. Cruz*, 261 F. App'x 757, 757-58 (5th Cir. 2008). Hill is warned that, if he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated unless he is under imminent danger of serious physical injury. *See Adepegba*, 103 F.3d at 385-87.

AFFIRMED; REQUEST FOR DECLARATORY RELIEF DENIED; SANCTION WARNING ISSUED.