**William Ray JACOBS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–97–00009–CR.**

Court of Appeals of Texas, Texarkana.

Submitted Aug. 19, 1997.

Decided Aug. 20, 1997.

Discretionary Review Refused Oct. 29, 1997.

Larry P. King, Brown, Kerr & King, Quitman, for appellant.

Henry Whitley, Asst. Dist. Atty., Quitman, for appellee.

Before CORNELIUS, C.J., and GRANT and ROSS, JJ.

## OPINION

CORNELIUS, Chief Justice.

William Ray Jacobs was convicted of aggravated sexual assault and assessed punishment at life imprisonment. Trial was to a jury.

The evidence showed that the victim's car became disabled. She began walking home.

Jacobs picked her up in his truck, ostensibly to help her. Later, threatening her with a pistol, Jacobs sexually assaulted the victim.

█ The sufficiency of the evidence is not challenged. Jacobs only complains because the trial court allowed the State to place in evidence and allowed Jacobs' wife to testify about a letter that Jacobs wrote to his wife before trial. In the letter, Jacobs implicitly admitted his commission of the assault, and he requested his wife to fabricate an alibi for him so he could escape conviction.

Jacobs contends that the admission of the letter in evidence was error because (1) it constituted an improper indirect comment on his failure to testify, (2) it was not admissible under TEX.R.CRIM. EVID. 404 or 403, and (3) it constituted improper proof of extraneous bad acts. We reject these contentions and affirm the judgment.

█ The letter was admissible as an admission by a party opponent. TEX.R.CRIM. EVID. 801(e)(2). An admission is an acknowledgment by the accused of facts that tend to prove his guilt. An admission may be allowed in evidence by the testimony of the person to whom the admission is made. 4 WHARTON'S CRIMINAL EVIDENCE § 651 (1987). A letter containing facts tending to show guilt is admissible as an admission, *Hightower v. State,* 629 S.W.2d 920, 925 (Tex.Crim. App. [Panel Op.] 1981), and the letter need not be signed if it is otherwise proven to have been written by the accused. 4 WHARTON'S CRIMINAL EVIDENCE § 622 (1987).

█ A letter constituting an admission is not subject to the requirements of TEX.CODE CRIM. PROC. ANN. art. 38.22 (Vernon 1979 & Supp.1997) or the requirements of *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), if it is voluntarily made and is not the result of custodial interrogation. TEX.CODE CRIM. PROC. ANN. art. 38.22; *Hightower v. State,* 629 S.W.2d at 925. The letter in question here was not made as the result of custodial interrogation.

The letter was proven to be in the handwriting of Jacobs and the same letter that Mrs. Jacobs received from her husband. The trial court found that the spousal privilege for Mrs. Jacobs' testimony was waived,

and Jacobs does not complain of that ruling on appeal. The letter thus met all the requirements of an admission and was admissible.

█ The letter did not constitute an impermissible comment on Jacobs' failure to testify. Even if it could be construed to be a comment on his failure to testify, the comment is his own, not the prosecution's, so there would be no error. Nor does the letter constitute impermissible proof of extraneous acts. The act to which it refers is not an extraneous act, but the very act on trial, and the matters in the letter are Jacobs' own admissions.

Although the trial court found that the letter was admissible pursuant to TEX. R.CRIM. EVID. 404 and 403, it is not necessary for us to consider those grounds, as a correct ruling of the trial court on the admissibility of the letter will be sustained even if the court gave the wrong reason for the ruling.

There was no error in admitting the letter or the testimony about the letter's contents.

The judgment of the trial court is affirmed.