In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-00-00194-CR


______________________________




PAUL ALLEN SCHUMACHER, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 336th Judicial District Court


Fannin County, Texas


Trial Court No. 19671




 




Before Cornelius, C.J., Grant and Ross, JJ.


Opinion by Chief Justice Cornelius



O P I N I O N


 Paul Allen Schumacher appeals from his conviction on his guilty plea for the offense of
burglary of a habitation. No plea bargain was in place. In the same proceeding, he also pleaded
guilty to three other charges of burglary of a habitation and to one charge of escape. The jury
assessed punishment at fifty years' imprisonment.

 Michael Skotnik was appointed as counsel on appeal and filed a brief on April 5, 2001, under
the mandate of Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); Ex parte
Senna, 606 S.W.2d 329, 330 (Tex. Crim. App. 1980), and has accordingly also filed a motion to
withdraw. Counsel sent the appellant a copy of his brief and advised Schumacher by letter that he
believes that there are no arguable contentions of error and informed him of his right to review the
record and file a pro se brief. 

 Schumacher filed a pro se brief on July 16, 2001, and then filed a supplement to that brief
on August 15, 2001. His briefs raise the same issues in each appeal.

 We have reviewed both briefs and all of the arguments raised therein in our opinion issued
this date in Paul Allen Schumacher v. State, cause number 06-00-00192-CR. 





 For the reasons stated in that opinion, we affirm the judgment.


 William J. Cornelius

 Chief Justice


Date Submitted: December 7, 2001

Date Decided: December 10, 2001


 Do Not Publish



exas at Texarkana

______________________________

No. 06-03-00171-CV
______________________________



IN RE:
WILLIAM RAY JACOBS





                                                                                                                                                             

Original Mandamus Proceeding





                                                                                                                                                             
                          


Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION

            William Ray Jacobs has filed a petition for writ of mandamus, contending the trial court
failed to observe the mandatory statutory provision of Article 38.11 of the Texas Code of Criminal
Procedure when it permitted Jacobs' wife to testify against him at trial. See Tex. Code Crim. Proc.
Ann. art. 38.11 (Vernon 1979). This alleged failure, according to Jacobs, resulted in a void
conviction. We read Jacobs' petition to ask us to direct the trial court to vacate that conviction.
            Jacobs' petition for writ of mandamus constitutes an improper collateral attack on his, now
seven-year-old, criminal conviction. Mandamus is an extreme remedy and will not be granted unless
necessary to correct a clear abuse of discretion when no other remedy at law exists. Johnson v.
Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985). A court of appeals abuses its discretion
when it issues a writ of mandamus absent these circumstances. Id. In this case, there is a more
appropriate vehicle for Jacobs to collaterally attack his conviction: a post-conviction application for
writ of habeas corpus pursuant to Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon Supp. 2004). 
Because this appropriate remedy exists, we deny Jacobs' petition for writ of mandamus.
            Moreover, we find no merit in the issue raised by Jacobs' petition for writ of mandamus. In
1997, Jacobs was convicted of aggravated sexual assault. This Court affirmed Jacobs' conviction
on direct appeal. See Jacobs v. State, 951 S.W.2d 900 (Tex. App.—Texarkana 1997, pet. ref'd).


 
During the 1997 trial, Jacobs' wife testified for the State about a letter Jacobs wrote to her before
trial. In the letter, Jacobs implicitly admitted his commission of the sexual assault and requested his
wife fabricate an alibi for him so he could escape conviction. Jacobs, 951 S.W.2d at 901. Jacobs
now contends the trial court erred by permitting his wife to testify against him because such
testimony was inadmissible under Article 38.11. 
            Passed in 1965, Article 38.11 of the Texas Code of Criminal Procedure provided:
Neither husband nor wife shall, in any case, testify as to communications made by
one to the other while married. Neither husband nor wife shall, in any case, after the
marriage relation ceases, be made witnesses as to any communication made while the
marriage relation existed except in a case where one or the other is on trial for an
offense and a declaration or communication made by the wife to the husband or by
the husband to the wife goes to extenuate or justify the offense. The husband and
wife may, in all criminal actions, be witnesses for each other, but except as
hereinafter provided, they shall in no case testify against each other in a criminal
prosecution. However, a wife or husband may voluntarily testify against each other
in any case for an offense involving any grade of assault or violence committed by
one against the other or against any child of either under 16 years of age, or in any
case where either is charged with incest of a child of either, or in any case where
either is charged with bigamy, or in any case where either is charged with
interference with child custody, or in any case where either is charged with
nonsupport of his or her spouse or minor child.
Act  of  June  18,  1965,  59th  Leg.,  R.S.,  ch.  722,  1965  Tex.  Gen.  Laws  317,  repealed  by  Act
of May 26, 1985, 69th Leg., R.S., ch. 685, § 9(b)(2), 1985 Tex. Gen. Laws 2474. The Texas
Legislature, however, repealed Article 38.11 of the Texas Code of Criminal Procedure in 1986, more
than a decade before Jacobs' trial in this case. Id. Accordingly, Article 38.11 was not in effect at the
time of Jacobs' 1997 trial for the aggravated sexual assault and could not serve as a bar to his wife
testifying about a letter Jacobs wrote to her before trial. See Jacobs, 951 S.W.2d at 901. 
Accordingly, the trial court did not err by permitting Jacobs' wife to testify about the letter she
received from him before his trial in 1997.
            We deny Jacobs' petition for writ of mandamus.


                                                                                    Josh R. Morriss
                                                                                    Chief Justice

Date Submitted:          January 8, 2004
Date Decided:             January 9, 2004

Do Not Publish