6-96-028-CV Long Trusts v. Dowd 



















In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00171-CV
______________________________



IN RE:
WILLIAM RAY JACOBS





Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Original Mandamus Proceeding





Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION

Â Â Â Â Â Â Â Â Â Â Â Â William Ray Jacobs has filed a petition for writ of mandamus, contending the trial court
failed to observe the mandatory statutory provision of Article 38.11 of the Texas Code of Criminal
Procedure when it permitted Jacobs' wife to testify against him at trial. See Tex. Code Crim. Proc.
Ann. art. 38.11 (Vernon 1979). This alleged failure, according to Jacobs, resulted in a void
conviction. We read Jacobs' petition to ask us to direct the trial court to vacate that conviction.
Â Â Â Â Â Â Â Â Â Â Â Â Jacobs' petition for writ of mandamus constitutes an improper collateral attack on his, now
seven-year-old, criminal conviction. Mandamus is an extreme remedy and will not be granted unless
necessary to correct a clear abuse of discretion when no other remedy at law exists. Johnson v.
Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985). A court of appeals abuses its discretion
when it issues a writ of mandamus absent these circumstances. Id. In this case, there is a more
appropriate vehicle for Jacobs to collaterally attack his conviction: a post-conviction application for
writ of habeas corpus pursuant to Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon Supp. 2004). 
Because this appropriate remedy exists, we deny Jacobs' petition for writ of mandamus.
Â Â Â Â Â Â Â Â Â Â Â Â Moreover, we find no merit in the issue raised by Jacobs' petition for writ of mandamus. In
1997, Jacobs was convicted of aggravated sexual assault. This Court affirmed Jacobs' conviction
on direct appeal. See Jacobs v. State, 951 S.W.2d 900 (Tex. App.âTexarkana 1997, pet. ref'd).


 
During the 1997 trial, Jacobs' wife testified for the State about a letter Jacobs wrote to her before
trial. In the letter, Jacobs implicitly admitted his commission of the sexual assault and requested his
wife fabricate an alibi for him so he could escape conviction. Jacobs, 951 S.W.2d at 901. Jacobs
now contends the trial court erred by permitting his wife to testify against him because such
testimony was inadmissible under Article 38.11. 
Â Â Â Â Â Â Â Â Â Â Â Â Passed in 1965, Article 38.11 of the Texas Code of Criminal Procedure provided:
Neither husband nor wife shall, in any case, testify as to communications made by
one to the other while married. Neither husband nor wife shall, in any case, after the
marriage relation ceases, be made witnesses as to any communication made while the
marriage relation existed except in a case where one or the other is on trial for an
offense and a declaration or communication made by the wife to the husband or by
the husband to the wife goes to extenuate or justify the offense. The husband and
wife may, in all criminal actions, be witnesses for each other, but except as
hereinafter provided, they shall in no case testify against each other in a criminal
prosecution. However, a wife or husband may voluntarily testify against each other
in any case for an offense involving any grade of assault or violence committed by
one against the other or against any child of either under 16 years of age, or in any
case where either is charged with incest of a child of either, or in any case where
either is charged with bigamy, or in any case where either is charged with
interference with child custody, or in any case where either is charged with
nonsupport of his or her spouse or minor child.
Act Â of Â June Â 18, Â 1965, Â 59th Â Leg., Â R.S., Â ch. Â 722, Â 1965 Â Tex. Â Gen. Â Laws Â 317, Â repealed Â by Â Act
of May 26, 1985, 69th Leg., R.S., ch. 685, Â§ 9(b)(2), 1985 Tex. Gen. Laws 2474. The Texas
Legislature, however, repealed Article 38.11 of the Texas Code of Criminal Procedure in 1986, more
than a decade before Jacobs' trial in this case. Id. Accordingly, Article 38.11 was not in effect at the
time of Jacobs' 1997 trial for the aggravated sexual assault and could not serve as a bar to his wife
testifying about a letter Jacobs wrote to her before trial. See Jacobs, 951 S.W.2d at 901. 
Accordingly, the trial court did not err by permitting Jacobs' wife to testify about the letter she
received from him before his trial in 1997.
Â Â Â Â Â Â Â Â Â Â Â Â We deny Jacobs' petition for writ of mandamus.


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Josh R. Morriss
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice

Date Submitted:Â Â Â Â Â Â Â Â Â Â January 8, 2004
Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â Â January 9, 2004

Do Not Publish




eilon in the jury
charge. 

 The State contends the difference between "Nelson" and "Neilon" is a question of idem
sonans. Names are idem sonans if the attentive ear finds difficulty in distinguishing them when
pronounced, or if common and long-continued usage has made them identical in pronunciation,
irrespective of the rules of orthography. Martin v. State, 541 S.W.2d 605, 606 (Tex. Crim. App.
1976). In other words, identity of sound is regarded as a surer method of measuring the similarity
of names than identity of spelling, and so long as the names can be sounded alike without doing
violence to the power of the letters, any variation in orthography is immaterial, provided the
misspelling does not transform the name into a wholly distinct appellation. Id. at 606-07. 

 A variance between the allegation and proof of a name will not impugn the validity of a
judgment of conviction so long as the names sound alike or the attentive ear finds difficulty
distinguishing them when pronounced. Farris v. State, 819 S.W.2d 490, 496 (Tex. Crim. App.
1990), overruled on other grounds, Riley v. State, 889 S.W.2d 290, 301 (Tex. Crim. App. 1993) (op.
on reh'g). If a question arises whether two spellings are idem sonans, it is an issue of fact for the
jury. Farris, 819 S.W.2d at 496. Unless the evidence shows the two are patently incapable of being
sounded alike, a failure to request submission of the issue for the jury consideration will defeat any
claim of a variance on appeal. Id. We find no evidence in the record that "Neilon" and "Nelson"are
patently incapable of being sounded alike. Therefore, the doctrine of idem sonans is applicable. 
Because Stitt did not request the jury to be instructed concerning idem sonans, he waived any
complaint concerning the variant spelling of the officer's name when he did not ask that the issue be
presented for the jury's consideration. 

 Even if we were to address the variant spellings of the officer's name in the information and
in the jury charge as error, Stitt still fails to prove he was harmed by the variance. An error in the
jury charge which has been properly preserved by objection will call for reversal as long as the error
is not harmless. Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g). The
"some harm" test does not mandate reversal on a showing of possible harm - it requires that actual
harm be established. Medina v. State, 7 S.W.3d 633, 643 (Tex. Crim. App. 1999). 

 When the State initially arraigned Stitt, it used the name "Neilon" in referring to the officer. 
Stitt's counsel objected to the pronunciation because the information said "Nelson." At trial, during
cross-examination, Stitt asked Deputy Todd Neilon to spell his name, and then asked, "It's not
Nelson?" Obviously, Stitt was aware of the variance between the name used in the information and
the proof offered at trial. Even so, Stitt never claimed to be disadvantaged or surprised by the
conflicting spellings of the officer's name. In fact, the name or identity of the officer played no role
in Stitt's defense. Instead, Stitt completely denied the charge against him, contending he only
watched and did not interfere with the removal of his sister from the car. There is no evidence the
variant spelling of the officer's name caused any harm to Stitt. His second point of error is overruled.

 As his third point of error, Stitt contends the trial court erred in allowing the State to amend
the charging instrument after both sides had rested. Article 28.10 reads as follows:

 (a) After notice to the defendant, a matter of form or substance in an
indictment or information may be amended at any time before the date the trial on the
merits commences. On the request of the defendant, the court shall allow the
defendant not less than 10 days, or a shorter period if requested by the defendant, to
respond to the amended indictment or information.

 (b) A matter of form or substance in an indictment or information may also
be amended after the trial on the merits commences if the defendant does not object.

 (c) An indictment or information may not be amended over the defendant's
objection as to form or substance if the amended indictment or information charges
the defendant with an additional or different offense or if the substantial rights of the
defendant are prejudiced. 


Tex. Code Crim. Proc. Ann. art. 28.10 (Vernon 1989). Stitt contends the trial court allowed the
State to "amend its information after the parties had rested and during the charge conference." Yet,
in reality, the trial court allowed the State to amend the jury charge, not the information. Because
there was no amendment to the information, this point of error is overruled. 

 We affirm the judgment.




 Donald R. Ross

 Justice


Date Submitted: February 20, 2003

Date Decided: April 3, 2003


Publish
1. [Section] 38.15. Interference With Public Duties

 (a) A person commits an offense if the person with criminal negligence
interrupts, disrupts, impedes, or otherwise interferes with:

 (1) a peace officer while the peace officer is performing a duty or
exercising authority imposed or granted by law;

 . . . .

 (b) An offense under this section is a Class B misdemeanor.


Tex. Pen. Code Ann. § 38.15 (Vernon 2003).
2. The sister is facing separate charges for blocking the roadway.
3. The sister from the incident served as Stitt's attorney at his trial. Their relationship and her
involvement was kept from the jury.