# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 10, 2008

Charles R. Fulbruge III
Clerk

No. 08-20211
Conference Calendar

RAY ALLEN DRGAC

Plaintiff-Appellant

v.

OWEN MURRAY, Director

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CV-554

Before DAVIS, WIENER, and PRADO, Circuit Judges.

PER CURIAM:[*]

Ray Allen Drgac, Texas prisoner # 721604, filed a 42 U.S.C. § 1983 complaint against Owen Murray, director of the University of Texas Medical Branch (UTMB). Drgac alleged that he suffers from tinnitus and that the medical staff at the Ellis Unit had failed to provide him with adequate medical care. He thus argued that they had shown deliberate indifference to his serious medical need. The district court dismissed Drgac's complaint pursuant to 28 U.S.C. § 1915A as frivolous and for failure to state a claim.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

On appeal, Drgac reiterates his argument that, despite his receipt of antibiotic ear drops and other medicines, he was not treated for tinnitus because the medicines he was given were not made specifically to treat that condition. He seeks to have this court order UTMB to furnish him with one of several medications that he thinks would work better than those he had been given. He also seeks to have this court order UTMB to recommend a medical transfer to a quieter prison unit and cell location. He prays for this relief despite the opinion of the Ellis Unit medical staff that such relief was not indicated.

We review the district court's dismissal de novo. See Ruiz v. United States, 160 F.3d 273, 275 (5th Cir. 1998). Drgac failed to state a claim against the only named defendant by failing to allege any personal involvement by the defendant and by failing to attribute the constitutional violation he alleges to any policy implemented by the defendant. See Thompkins v. Belt, 828 F.2d 298, 304 (5th Cir. 1987); Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983). Further, Drgac's deliberate-indifference arguments are premised upon his disagreement with the treatment deemed appropriate by the Ellis Unit medical staff. He has thus failed to state a constitutional claim. See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

Accordingly, we AFFIRM the judgment of the district court. Drgac has moved for the appointment of counsel, and that motion is DENIED. The district court's dismissal of Drgac's complaint counts as a strike for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Drgac is WARNED that if he accumulates three strikes, he will not be permitted to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).