# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 20, 2012

Lyle W. Cayce
Clerk

No. 11-20700
Summary Calendar

DARIUS D. ELAM,

Plaintiff-Appellant

v.

PATRICIA LYKOS,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CV-3274

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

In 1984, Darius D. Elam, Texas prisoner # 380190, was convicted by a jury of aggravated robbery and was sentenced to life in prison. In 2008, Elam filed in Texas state court an amended motion under Texas Code of Criminal Procedure Article 64.01, seeking post-conviction DNA testing of certain trial evidence that was identified by the State as available. The Texas state trial court denied Elam's request; the Texas state court of appeals affirmed; and his petition for discretionary review was refused. Elam then filed the instant civil

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

rights complaint in the district court, alleging that the State courts' denial of his motion under Texas Code of Criminal Procedure Article 64.01 violated his procedural due process rights. The district court dismissed Elam's claims as frivolous and for failure to state a claim.

This court reviews the dismissal of Elam's claims de novo. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009); *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). To state a claim under § 1983, a plaintiff must allege that there was a violation of a right secured by the Constitution or laws of the United States and that the deprivation was committed by a person acting under the color of state law. *Sw. Bell Tel., LP v. City of Houston*, 529 F.3d 257, 260 (5th Cir. 2008). While there is no freestanding right for a convicted defendant to obtain evidence for post-conviction DNA testing, Texas has created such a right, and, as a result, the state provided procedures must be adequate to protect the substantive rights provided. *Skinner v. Switzer*, 131 S. Ct. 1289, 1293 (2011); *Dist. Attorney's Office for Third Judicial Dist. v. Osborne*, 129 S. Ct. 2308, 2319-2322 (2009).

Chapter 64 of the Texas Code of Criminal Procedure permits a convicted defendant to move for post-conviction DNA testing of evidence. TEX. CODE CRIM. PROC. ANN. art. 64.01. One requirement necessary to be granted relief is that the movant "establishes by a preponderance of the evidence that . . . the person would not have been convicted if exculpatory results had been obtained through DNA testing." TEX. CODE CRIM. PROC. ANN. art. 64.03(a)(1)(B)(2). The State courts and the district court determined that Elam did not satisfy this requirement.

On appeal, Elam contends that his due process rights were violated by the State's denial of his request for post-conviction DNA testing because the evidence submitted at trial included unreliable and fabricated physical evidence and perjured testimony. Elam's arguments do not establish his due process rights were violated. Any further DNA testing of the evidence from Elam's trial

2

would not be probative on the issue of Elam's guilt or innocence. *See Osborne*, 129 S. Ct. at 2320; *Skinner*, 131 S. Ct. at 1293; TEX. CODE CRIM. PROC. ANN. art. 64.03.

The judgment of the district court is affirmed. The district court's dismissal of Elam's § 1983 complaint as frivolous and for failure to state a claim upon which relief may be granted counts as a strike for purposes of § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Elam is warned that if he accumulates three strikes, he will not be allowed to proceed IFP in any civil action or appeal unless he is under imminent danger of serious physical injury. *See* § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.