# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 20, 2013

No. 12-20216

Lyle W. Cayce
Clerk

CHRISTOPHER J. EMERSON,

Plaintiff - Appellant

v.

RICK THALER,

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CV-2367

Before KING, SOUTHWICK, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Appellant Christopher Emerson, a Texas prisoner, appeals the district court's dismissal of his complaint seeking DNA testing under 42 U.S.C. § 1983. For the reasons stated below, we AFFIRM the dismissal.

## I. Facts and Procedural Background

Christopher Emerson ("Emerson"), Texas prisoner #451863, was convicted of an October 1985 aggravated sexual assault in case number 439,551 in the 351st State District Court of Harris County, Texas, and sentenced to 35 years

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-20216

in prison. *Emerson v. State*, 756 S.W.2d 364, 365 (Tex. App. 1988). The judgment was affirmed on direct appeal. *Id.* at 370. Emerson was separately convicted of a second sexual assault in a November 1985 incident involving the same victim in the 177th State District Court of Harris County, Texas. *See Emerson v. State*, 1990 WL 144054, at *3, *6, *9 (Tex. App. 1990) (affirming conviction). However, the Texas Court of Criminal Appeals overturned the second conviction based on *Batson v. Kentucky*, 476 U.S. 79 (1986), *see Emerson v. State*, 820 S.W.2d 802, 803-05 (Tex. Crim. App. 1991), and later held that Emerson was entitled to a new trial due to *Batson* violations, *see Emerson v. State*, 851 S.W.2d 269, 274-75 (Tex. Crim. App. 1993). Nothing in the record indicates that Emerson was ever retried for this offense.

In June 2011, proceeding pro se and *in forma pauperis* (IFP), Emerson filed a civil rights complaint under § 1983, seeking an order to have federal marshals seize evidence from his state conviction and to have a federal laboratory perform DNA testing on three pubic hairs and two checkbooks. Emerson asserted that Texas had withheld the pubic hairs during his trial, and that one checkbook was introduced at his trial in case number 439,551 and a second checkbook was introduced at his trial in case number 439,552, which he argued proves that the evidence was fabricated. He stated that he had requested DNA testing of the pubic hairs from the 177th State District Court in June 2007 and January 2008 but did not receive a response from the state court. Emerson asserted that Texas's refusal to subject the evidence to DNA testing violated his constitutional rights.

With regard to the testing of the checkbooks, the district court determined that Emerson had failed to allege a violation of his rights because Emerson did not indicate that he sought testing of the checkbooks in state court. The court also found that Emerson failed to allege a violation with regard to the requested DNA testing of the pubic hairs because he had filed his motion in the 177th

No. 12-20216

State District Court, the court in which his conviction was overturned, rather than in the 351st State District Court, the convicting court in the offense for which he is imprisoned. The district court dismissed Emerson's complaint with prejudice as frivolous or for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

Emerson filed a motion to alter or amend the judgment and for relief from the judgment pursuant to Federal Rules of Civil Procedure 59(e) and 60(b). He argued that the district court failed to consider his two exhibits–pictures of the checkbooks–and that the three pubic hairs were relevant to case number 439,551, the case for which he is imprisoned. He asserted that he sought DNA testing of the three pubic hairs and the checkbooks in the 177th District Court, because jurisdiction in the case was transferred to the 177th District Court. The district court denied that motion, restating that Emerson was not entitled to DNA testing under state law because he did not file a motion for such testing in the correct court. Emerson here appeals the dismissal of his complaint.

## II. Discussion

Under § 1915(e)(2)(B), a district court shall dismiss a complaint filed by a plaintiff proceeding IFP if it is frivolous or fails to state a claim on which relief may be granted. Where, as here, a district court dismisses the complaint both as frivolous and for failure to state a claim, this court reviews the decision de novo. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). To determine whether the complaint states a claim, this court applies the same standard used in reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6) and will uphold a dismissal if, "taking the plaintiff's allegations as true, it appears that no relief could be granted based on the plaintiff's alleged facts." *Id.* To withstand dismissal, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

No. 12-20216

On appeal, Emerson contends that the district court erred in dismissing his case, which he argues is indistinguishable from *Skinner v. Switzer*, 131 S. Ct. 1289 (2011).  Liberally construing his arguments, he asserts that because he futilely pursued DNA testing in state court, he has stated a § 1983 claim that the state court procedures violate his procedural due process rights and that he is entitled to DNA testing.[1]

To state a claim under § 1983, a plaintiff must allege that there was a violation of a right secured by the Constitution or laws of the United States and that the deprivation was committed by a person acting under the color of state law.  *See Sw. Bell Tel., LP v. City of Houston*, 529 F.3d 257, 260 (5th Cir. 2008). Although states are under no obligation to provide mechanisms for post-conviction relief, when they choose to do so, the procedures they create must comport with due process and provide litigants with a fair opportunity to assert their state-created rights.  *See Evitts v. Lucey*, 469 U.S. 387, 393 (1985).  Texas has created a right to post-conviction DNA testing in Article 64 of the Texas Code of Criminal Procedure.  Thus, "[w]hile there is no freestanding right for a convicted defendant to obtain evidence for post-conviction DNA testing, Texas has created such a right, and, as a result, the state provided procedures must be adequate to protect the substantive rights provided." *Elam v. Lykos*, 470 F. App'x 275, 276 (5th Cir. 2012) (unpublished) (citing *Skinner*, 131 S.Ct. at 1293; *Dist. Att'y's Office for Third Jud. Dist. v. Osborne*, 557 U.S. 52, 67-69 (2009)).

---

[1] There is no substantive due process right to post-conviction DNA testing.  *Skinner*, 131 S. Ct. at 1293; *Dist. Att'y's Office for Third Jud. Dist. v. Osborne*, 557 U.S. 52, 74 (2009). To the extent that Emerson raises other claims of violations of his rights, which are listed in his complaint but not briefed on appeal, Emerson has abandoned those arguments.  In any event, those claims of *Brady* violations, prosecutorial misconduct and actual innocence, which necessarily imply the invalidity of his conviction, are not cognizable under § 1983 but must be brought in a habeas petition.  *See Skinner*, 131 S. Ct. at 1298-1300; *Osborne*, 557 U.S. at 66-67; *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

No. 12-20216

Article 64 of the Texas Code of Criminal Procedure permits a convicted defendant to move in "the convicting court" for DNA testing of evidence that was "secured in relation to the offense that is the basis of the challenged conviction and was in possession of the state during the trial of the offense." Tex. Code Crim. Proc. art. 64.01(a-1), (b). Article 64 allows the state court to order testing if it finds that: (1) the unaltered evidence is available for testing; (2) identity was at issue in the case; (3) the convicted person establishes by a preponderance of the evidence that he would not have been convicted if DNA testing provided exculpatory results; and (4) the motion is not made to delay the execution of a sentence. *Id.* art. 64.03(a). Emerson alleges that he filed motions for DNA testing in state court, and received no response to his motions.

In *Skinner*, the Supreme Court held that post-conviction claims for access to evidence for DNA testing can be brought under § 1983, but did not set forth standards for analyzing the merits of such claims. *See* 131 S. Ct. at 1298-99, 1300. Though there is generally no exhaustion requirement for § 1983 claims, *Osborne*, 557 U.S. at 71, *Osborne* states that "Federal courts may upset a State's post-conviction relief procedures only if they are fundamentally inadequate to vindicate the substantive rights provided," *id.* at 69. In *Skinner* and post-*Skinner* cases analyzing DNA testing claims under § 1983, the prisoner seeking testing was challenging the denial by the state courts of his requests for DNA testing. *See Skinner*, 131 S. Ct. at 1295-96 (describing the Texas courts' denials of Skinner's motions for DNA testing); *Elam,* 470 F. App'x at 275 (stating that the Texas court denied Elam's motion for DNA testing); *Garcia v. Castillo*, 431 F. App'x 350, 353 (5th Cir. 2011) (unpublished) (stating that the Texas courts denied Leal's motion for DNA testing). Here, Emerson has received no denial. Though he argues that the state procedures proved futile because he did not receive a disposition of his motions, he does not state in his pleadings or brief

5

that after the state court failed to respond to his motions for DNA testing, he took any action to obtain a disposition from the state court by, for example, re-urging his motion or filing for a writ of mandamus with a higher state court. There could perhaps be a case where a state's non-action despite the litigant's efforts could be taken as an effective denial of the relief sought, but Emerson has not alleged that he took any action in the state court beyond initially filing the motions. Stating allegations that he filed motions for DNA testing in state court and has received no response is not sufficient to state a claim that the Texas state procedures governing DNA testing are fundamentally inadequate and require federal court intervention in the state post-conviction framework. *See Osborne*, 557 U.S. at 69, 70-71. Because the state has not actually denied his motions for DNA testing, Emerson's claim that Texas violated his due process rights by denying him DNA testing was correctly dismissed for failure to state a claim.[2]

Emerson's additional assertion that the district court violated his right to proceed before a magistrate judge is meritless. The district court "may" designate a magistrate judge to hold a hearing and handle certain matters. 28 U.S.C. § 636(b)(1)(A)-(B). The court is not required to do so. Additionally, because the record does not reveal any attempt by Emerson to amend his

---

[2] Additionally, we note that Emerson has named Rick Thaler, the warden of the prison, as the defendant, who he admits did not deny him the DNA testing he seeks and has no authority over nor custody of the evidence he seeks to have tested. Previous cases analyzing DNA testing claims under § 1983 involve actions against the custodians of the evidence. *See Skinner*, 131 S. Ct. at 1295-96 (stating that Skinner named as the defendant "the District Attorney whose office prosecuted Skinner and has custody of the evidence Skinner would like to have DNA tested"); *id.* at 1293 (collecting federal circuit cases analyzing DNA testing claims under § 1983); *Elam*, 470 F. App'x at 275 (naming the district attorney as the defendant); *Garcia*, 431 F. App'x at 350 (naming a state crime lab and its employees as defendants). Because Thaler does not have custody of the evidence and had no role in granting or denying Emerson the DNA testing he sought, Thaler is not the proper defendant.

complaint, his assertion that the district court prevented him from amending his complaint is meritless.

### III.  Conclusion

For the foregoing reasons, the district court's dismissal of Emerson's complaint pursuant to § 1915(e)(2)(B) is AFFIRMED.

The district court's dismissal of Emerson's 1983 complaint as frivolous and for failure to state a claim counts as a strike for purposes of § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996).  Emerson is CAUTIONED that if he accumulates three strikes, he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.