# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-31018
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 23, 2014

Lyle W. Cayce
Clerk

WILLIE GROSS, JR.,

Plaintiff–Appellant,

versus

NEWELL NORMAND, Jefferson Parish Sheriff in His Official Capacity;
GARY COOK, Lieutenant, in His Individual Capacity and Official Capacity
as Lieutenant for Sheriff's Office; H. SYLVE, Shift Sergeant; LOUIS ANCAR,
Deputy; T. KELLY, Deputy; C. EMMANUEL, Deputy; L. GRANDSART,
Deputy; A. FARRIS, Deputy; E. USSIN, Deputy; B. COHEN, Deputy; C.
SIMMONS, Deputy; K. CALCAGNO, Deputy; A. MATHERNE, Deputy; S.
JOHNSON, Deputy,

Defendants–Appellees.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:11-CV-446

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 13-31018

Willie Gross, Jr., Louisiana prisoner #130126, filed a civil rights complaint under 42 U.S.C. § 1983 against prison officials claiming that, while he was a pre-trial detainee, the defendants violated several constitutional rights when they wrongfully confiscated and discarded his property. The district court issued a judgment pursuant to Federal Rule of Civil Procedure 54(b) staying Gross's due-process claims regarding the destruction of his legal materials pending the conclusion of the related state criminal matter and dismissing Gross's remaining claims concerning access to courts, due process, the Fourth Amendment, equal protection, and freedom of speech.

First, Gross challenges the district court's decision to stay his due-process claim relating to the confiscation and destruction of his legal materials. The district court did not abuse its discretion; a court should stay proceedings in a § 1983 case brought by a pretrial detainee until the related pending criminal case is resolved. *See Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995).

Next, Gross challenges the dismissal of his access-to-courts, due-process, Fourth Amendment, equal-protection, and freedom-of-speech claims as frivolous and/or for failure to state a claim. Because the district court dismissed Gross's § 1983 complaint as frivolous or for failure to state a claim under 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this court's review is *de novo* under the same standard that is used to review a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998).

To survive a Rule 12(b)(6) motion to dismiss, the factual allegations of a complaint must be sufficient to state a claim for relief that is plausible on its face and to raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). A claim has facial plausibility where the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556

2

U.S. 662, 678 (2009). The mere possibility of misconduct is not sufficient. *Id.* at 679; *Twombly*, 550 U.S. at 555. For the reasons that follow, Gross's claims were properly dismissed.

The access-to-courts claim stems from the defendants' confiscation and destruction of the legal motions Gross was preparing in his state criminal case. Gross does not dispute the district court's determination that he was represented by counsel at that time. He could not file *pro se* motions while he was represented. *See McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984); *United States v. Daniels*, 572 F.2d 535, 540 (5th Cir. 1978). Because he has not shown that he was prejudiced by their destruction, he has not shown that his federal right of access to the court was implicated.

The district court determined that the *Parratt/Hudson* doctrine[1] applied to Gross's due-process claim relating to the confiscation and destruction of his non-legal materials and other personal property. On appeal, Gross challenges the applicability of that doctrine, under which "a deprivation of a constitutionally protected property interest caused by a state employee's random, unauthorized conduct does not give rise to a § 1983 procedural due process claim, unless the State fails to provide an adequate postdeprivation remedy." *Zinermon v. Burch*, 494 U.S. 113, 115 (1990).

Gross's allegations describing the defendants' conduct depict conduct that is "not the result of some established state procedure." *Taylor*, 451 U.S. at 541. Rather, the conduct alleged describes the state actors' unforeseeable failure to abide by procedure—the defendants' arbitrary, unreasonable abuse of power. Such allegations call for the application of the *Parratt/Hudson* doctrine, so the defendants' "conduct does not give rise to a § 1983 procedural due

---

[1] *Hudson v. Palmer*, 468 U.S. 517 (1984); *Parratt v. Taylor*, 451 U.S. 527, 541 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986).

process claim, unless the State fails to provide an adequate post deprivation remedy." *Burch*, 494 U.S. at 115.

Louisiana provides an adequate tort postdeprivation remedy for procedural due-process claims relating to negligent or intentional property loss claims by inmates. *See Marshall v. Norwood*, 741 F.2d 761, 763-64 (5th Cir. 1984); LA. CIV. CODE ANN. art. 2315. Gross has not shown that the state's postdeprivation remedy for the loss of his property is inadequate. *See Marshall*, 741 F.2d at 764; *Halloway v. Walker*, 784 F.2d 1287, 1293 (5th Cir. 1986). Further, because an inmate does not have an expectation of privacy in his cell, Gross is unable to make a claim of unreasonable search and seizure under the Fourth Amendment. *Marshall*, 741 F.2d at 763-64; *see also United States v. Ward*, 561 F.3d 414, 419 (5th Cir. 2009) (stating that "as a per se rule a prisoner cannot invoke the Fourth amendment because society is not prepared to recognize a prisoner's expectation of privacy in his prison cell").

Gross also contends that the district court erred in dismissing his equal protection claim. To establish a claim under the Equal Protection Clause, Gross "must allege and prove that he received treatment different from that received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent." *Taylor v. Johnson*, 257 F.3d 470, 473 (5th Cir. 2001). Gross does not allege that any of the defendants had a discriminatory intent when they searched the pre-trial detainee area.

Gross's conclusional allegations on his freedom-of-speech claim are insufficient to state a constitutional claim or challenge the district court's ruling. *See Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002). Additionally, by failing to brief an argument challenging the basis of the dismissal of his deliberate-indifference claims, Gross has abandoned any such challenge. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas*

No. 13-31018

*Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Lastly, because the district court properly dismissed the federal claims that might have supported supplemental jurisdiction, it did not abuse its discretion by declining to exercise supplemental jurisdiction over any state-law claims. *See Welch v. Thompson*, 20 F.3d 636, 644 (5th Cir. 1994); *Noble v. White*, 996 F.2d 797, 799−800 (5th Cir. 1993).

Gross's appeal is without arguable merit and thus is frivolous, so it is DISMISSED. *See Howard v. King*, 707 F.2d 215, 219−20 (5th Cir. 1983). *See* 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g), as does the district court's dismissal of the complaint. *See* § 1915(g); *Adepegba v. Hammons*, 103 F.3d 383, 387−88 (5th Cir. 1996). Gross is warned that if he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g). The defendants' motion for leave to file an out-of-time brief is GRANTED.