# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40538

United States Court of Appeals
Fifth Circuit

**FILED**
November 10, 2015

Lyle W. Cayce
Clerk

WILLIAM RAY JACOBS,

　　　　Plaintiff - Appellant

v.

DISTRICT ATTORNEY JIM WHEELER, Wood County District Attorney,

　　　　Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:13-CV-973

Before STEWART, Chief Judge, and JOLLY and GRAVES, Circuit Judges.

PER CURIAM:*

William Ray Jacobs appeals the district court's dismissal as frivolous and for failure to state a claim upon which relief may be granted of his 42 U.S.C. § 1983 action seeking to compel forensic DNA testing of evidence pertaining to his aggravated sexual assault conviction. Because Jacobs arguably stated a claim that the Texas procedures were inadequate to vindicate his substantive right, we VACATE and REMAND.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40538

## FACTS AND PROCEDURAL HISTORY

William Ray Jacobs was convicted by a jury in 1997 of aggravated sexual assault and was sentenced to life imprisonment. The judgment of conviction was affirmed on direct appeal. *Jacobs v. State*, 951 S.W.2d 900, 900-01 (Tex. App. 1997). After Jacobs' 28 U.S.C. § 2254 petition was denied by the district court, he unsuccessfully moved this court for a certificate of appealability and for DNA testing.

On April 23, 2002, the state trial court granted, under Texas Code of Criminal Procedure art. 64.01, Jacobs' motion for post-conviction DNA testing. The trial court found that there was "[b]iological material consist[ing] of 'scrapings' from the victim's face, saliva samples, oral smear slides, oral 'swabbings', 'scrapings' from the victim's fingernails and 'scrapings' from her clothes," and that this biological material was currently in possession of the Wood County Sheriff's Office. The trial court further found that the biological material had not previously been subjected to DNA testing, that "[t]he evidence exists in a condition making D.N.A. testing possible," and that the evidence had been subjected to a chain of custody "sufficient to establish that it has not been substituted, tampered with, replaced, or altered in any material respect." The court said that the "identity of the perpetrator was the major issue at trial" and determined that if DNA testing yielded exculpatory results there was a reasonable probability that Jacobs would not have been prosecuted or convicted of aggravated sexual assault. The trial court ordered all of the biological material in the possession of the Wood County Sheriff's Office be transferred to a laboratory operated by the Texas Department of Public Safety (DPS) for DNA testing.

After analysis, a laboratory official "informed the trial court the evidence submitted to the laboratory contained no nuclear DNA," based on the absence of semen or blood. *Jacobs v. State*, 115 S.W.3d 108, 110 (Tex. App. 2003).

2

No. 14-40538

Laboratory workers found two human hairs that did not contain attached skin cells or hair root material, which would be necessary to perform nuclear DNA testing. *Id.* To test these hairs, mitochondrial DNA testing was required, and the DPS laboratory was not equipped to perform such testing. *Id.* at 110-11. The DPS laboratory official recommended that the trial court pursue mitochondrial DNA testing at a different laboratory, and the trial court asked the official to provide contact information for laboratories that performed mitochondrial DNA testing. *Id.* at 111.

The State, however, then moved for reconsideration of DNA testing. Following a hearing, the trial court granted the motion for reconsideration and denied Jacobs' motion for DNA testing. *Id.* The state appellate court affirmed the trial court's denial of the post-conviction motion for DNA testing. *See Id. at* 113-14. It determined that, even if the DNA evidence showed that the hair samples came from a third person, such evidence would not necessarily exonerate Jacobs. *Id.* at 113-14.

Jacobs then filed another motion for DNA testing in state court. *Jacobs v. State*, 294 S.W.3d 192, 195 (Tex. App. 2009). The trial court denied the motion and the state appellate court affirmed. *Id.* at 196-98. The state appellate court determined that "[o]ther than the hairs, there is no material to be tested." *Id.* at 197-98.

Jacobs subsequently filed a civil rights complaint in district court seeking an order compelling DNA testing on all biological evidence in this case and specifically asking that the short-tandem-repeat (STR) method be used to conduct the testing. *See Dist. Attorney's Office for the Third Judicial Dist. v. Osborne*, 557 U.S. 52, 60 (2009) (discussing STR DNA testing). That action gives rise to this appeal.

The magistrate judge (MJ) granted Jacob's motion to proceed in forma pauperis (IFP). The MJ also ordered Jacobs to amend his complaint to show

No. 14-40538

that he had exhausted state court remedies and that the state court had denied his requests, and to show that DNA evidence would cast doubt as to his guilt. Jacobs filed an amended complaint along with supporting exhibits and indicated that he was not arguing that the hair samples needed to be tested, but that he was requesting STR DNA testing on the biological material consisting of scrapings, swabbings and other samples from the victim.

The MJ's report stated that Jacobs was seeking to have DNA testing on only the two hairs and concluded that such testing would not be probative on the issue of Jacobs' guilt or innocence. Thus, the MJ recommended that the complaint be dismissed as frivolous and for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915A(b)(1). Jacobs objected to the report and asked the district court to disregard the two hairs, reiterating his request that STR DNA testing be done on the other biological material. The district court overruled Jacobs' objections, adopted the MJ's report, and dismissed Jacobs' civil rights action as frivolous and for failure to state a claim upon which relief may be granted. Jacobs subsequently filed this appeal and the MJ granted his motion to proceed IFP on appeal.

## STANDARD OF REVIEW

The district court shall dismiss a prisoner's civil rights complaint if it is frivolous, malicious, or fails to state a claim for relief. 28 U.S.C. § 1915A(b). This court reviews de novo the district court's dismissal of an action pursuant to § 1915A as frivolous and for failure to state a claim. *See Coleman v. Sweetin*, 745 F.3d 756, 763 (5th Cir. 2014); *Elam v. Lykos*, 470 F. App'x 275 (5th Cir. 2012); *Drgac v. Murray*, 302 F. App'x 254, 255 (5th Cir. 2008).

## DISCUSSION

To state a claim under § 1983, Jacobs must allege a violation of a right secured by the Constitution or laws of the United States by a person acting under color of state law. *See Sw. Bell Tel., LP v. City of Houston*, 529 F.3d 257,

260 (5th Cir. 2008). There is no freestanding right for a convicted felon to obtain evidence for post-conviction DNA testing, but such a right may be created by state law. *Osborne*, 557 U.S. at 67-73. Texas has created such a right in Chapter 64 of the Texas Code of Civil Procedure. *See Elam*, 470 F. App'x at 276. The issue then is whether Jacobs was unconstitutionally denied the right to post-conviction testing of DNA evidence in violation of his procedural due process right. *See Harris v. Lykos*, No. 12-20160, 2013 WL 1223837 (5th Cir. March 27, 2013) (unpublished).

In Texas, a convicted person may move for forensic DNA testing of evidence containing biological material. Tex. Code Crim. P. Ann. art. 64.01. The trial court may order forensic DNA testing "only" if the court finds that the evidence still exists and is in a condition that makes DNA testing possible, has been subject to a chain of custody sufficient to establish that it has not been substituted, tampered with, replaced, or altered in any material respect, and identity was or is an issue in the case. Tex. Code Crim. P. Ann. art. 64.03(a)(1)(A), (B), (C). The trial court has already made that finding. Additionally, the movant must establish by a preponderance of the evidence that he would not have been convicted if exculpatory results were obtained through DNA testing. Tex. Code Crim. P. Ann. art. 64.03(a)(2)(A). Federal courts "may upset a State's postconviction relief procedures only if they are fundamentally inadequate to vindicate the substantive rights provided." *Osborne*, 557 U.S. at 69.

The MJ and the district court here both focused on the two hairs, which Jacobs specifically asked the district court to disregard, and neither addressed the biological evidence obtained from other sources. Jacobs requested the modern-day STR DNA testing on the biological material obtained in scrapings, smears and swabbings from the victim. While the Texas Department of Public Safety crime laboratory noted an absence of semen or blood in a 2002 letter,

the Texas Code defines "biological material" to mean "an item that is in possession of the state and that contains blood, semen, hair, saliva, skin tissue or cells, fingernail scrapings, bone, bodily fluids, or other identifiable biological evidence that may be suitable for forensic DNA testing." Tex. Code Crim. P. Ann. art. 64.01(a)(1). This "includes the contents of a sexual assault evidence collection kit." Tex. Code Crim. P. Ann. art. 64.01(a)(2). The record in this matter does not permit a determination of whether the STR method of testing can be performed on any of the biological evidence that exists in this case. While the district court was arguably correct that mitochondrial testing of two hairs recovered from clothing and a bed sheet would "not necessarily exonerate" Jacobs even if they were found to be from a third party, that does not address the other biological evidence.

The Court of Appeals of Texas "presume[ed] that the trial court relied upon the evidence of the nonexistence of testable materials." *Jacobs v. State*, 294 S.W.3d 192, 196 (Tex. Ct. App. 2009). This presumption was based on the 2002 letter from the laboratory indicating that it had not detected blood or semen on the items in the sexual assault evidence collection kit. *Id.* at 194. However, this is a civil rights action and not a habeas case wherein "a determination of a factual issue made by a state court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). Notwithstanding the inapplicability of the habeas presumption, Rule 201 of the Federal Rules of Evidence permits a court to take judicial notice of adjudicative facts. Specifically, the rules state that a court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). This court has said:

[W]e have difficulty conceiving of an adjudicative fact found in a court record that is not subject of reasonable dispute and, therefore, of which a court could take judicial notice. If such a fact were to exist, it would seem that it would have to obtain its 'indisputable' status from some source other than a court's imprimatur in the form of a factual finding.

*Taylor v. Charter Med. Corp.*, 162 F.3d 827, 830 n.18 (5th Cir. 1998).

Because the record here does not establish whether STR testing could be performed on any of the biological evidence that exists in this case, we decline to take judicial notice of the state court's factual determination that there is no other biological material suitable for DNA testing. *See Id.*

As Jacobs contends, newly developed DNA testing methods such as the STR method permit DNA analysis based on a miniscule quantity of biological material, as well as from biological samples that are severely degraded. The Court of Appeals of Texas conceded that the "warp speed at which the improvements to the efficacy and accuracy of DNA testing have occurred is common knowledge." *Jacobs*, 294 S.W.3d at 197. Moreover, the Supreme Court has noted that "STR testing is extremely discriminating, can be used on small samples, and is 'rapidly becoming the standard.'" *Osborne*, 557 U.S. at 60 n.3.

For these reasons, we conclude that Jacobs has arguably stated a claim that the Texas procedures were inadequate to vindicate his substantive right. *See Osborne*, 557 U.S. at 69. Thus, we VACATE the district court's dismissal of Jacob's § 1983 action seeking to compel forensic DNA testing and we REMAND for proceedings consistent with this opinion.