# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10925

United States Court of Appeals
Fifth Circuit

**FILED**

November 10, 2015

Lyle W. Cayce
Clerk

ROY LEE KINNEY,

      Plaintiff - Appellant

v.

JOE SHANNON, JR., Criminal District Attorney for Tarrant County; FORT
WORTH POLICE DEPARTMENT, Forensics Division; JOHN PETER
SMITH HOSPITAL,

      Defendants - Appellees

-----

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:14-CV-285

-----

Before STEWART, Chief Judge, JOLLY and GRAVES, Circuit Judges.

PER CURIAM:*

    Roy Lee Kinney appeals the district court's dismissal of his 42 U.S.C. §
1983 claim seeking to compel post-conviction DNA testing.  Because Kinney
has failed to state a claim that the Texas procedures were inadequate to
vindicate his substantive right, we AFFIRM.

-----

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 14-10925

## FACTS AND PROCEDURAL HISTORY

Roy Lee Kinney was convicted of sexual assault in 1984 and sentenced to 99 years imprisonment. DNA testing was unavailable at the time of his conviction, but the victim was seen by a doctor who performed a rape kit evaluation after the sexual assault.

In 2004, Kinney sought post-conviction DNA testing of that rape kit evidence in the state trial court. However, based upon affidavits from the hospital where the rape kit was performed and the police department that investigated the crime, the evidence was nowhere to be found. Kinney disputed the validity of the affidavits. The state court denied his motion for post-conviction DNA testing, concluding that Kinney was unable to establish the prerequisites of Article 64 of the Texas Code of Criminal Procedure. The state appellate court affirmed the trial court's denial of Kinney's motion. *See Kinney v. State*, No. 08-11-00128, 2012 WL 1154443, at *1-2 (Tex. Ct. App. – El Paso, Apr. 4, 2012) (unpublished). However, the only issue Kinney raised on appeal was whether the trial court violated his rights by failing to hold a hearing to ascertain what had happened to the lost DNA evidence and why two of the affidavits were executed prior to the filing of his motion.

Kinney then filed this civil rights action and a motion for preliminary injunction in the district court, again asserting that the affidavits were false and that sufficient evidence existed to allow DNA testing. The district court concluded that Kinney's argument lacked merit because he focused solely on whether the defendants had fabricated affidavits to establish that evidence pertaining to his conviction was lost. Further, the district court concluded that Kinney offered only mere speculation to support his claim regarding the falsity of the affidavits. Moreover, the court found that even if the affidavits were false such a finding would not change the outcome, as Kinney failed to allege facts showing that the procedures established by Texas for post-conviction

2

No. 14-10925

DNA testing were fundamentally inadequate to vindicate the substantive rights that were provided. With regard to Kinney's motion for injunctive relief, the district court was unable to ascertain the acts that Kinney was seeking to restrain or enjoin and, thus, concluded that he was not entitled to relief.

The district court denied the motion for injunctive relief and dismissed Kinney's claims with prejudice pursuant to 28 U.S.C. § 1915A(b)(1). Kinney filed a motion for leave to amend his complaint and a motion for a new trial. The district court determined that Kinney's proposed amendment was futile, as he made no attempt to address the remaining prerequisites for DNA testing under article 64 of the Texas Code of Criminal Procedure. After the district court denied the motion for a new trial and motion for leave to amend his complaint, Kinney filed this appeal.

## DISCUSSION

**1) Whether the district court erred by dismissing Kinney's claim that his constitutional rights were violated when the Texas courts did not allow him to pursue his claim for DNA testing of evidence used to secure his rape conviction.**

The district court shall dismiss a prisoner's civil rights complaint if it is frivolous, malicious, or fails to state a claim for relief. 28 U.S.C. § 1915A(b). This court reviews de novo the district court's dismissal of an action pursuant to § 1915A as frivolous and for failure to state a claim. *See Coleman v. Sweetin*, 745 F.3d 756, 763 (5th Cir. 2014); *Elam v. Lykos*, 470 F. App'x 275 (5th Cir. 2012); *Drgac v. Murray*, 302 F. App'x 254, 255 (5th Cir. 2008).

To state a claim under § 1983, Kinney must allege a violation of a right secured by the Constitution or laws of the United States by a person acting under color of state law. *See Sw. Bell Tel., LP v. City of Houston*, 529 F.3d 257, 260 (5th Cir. 2008). There is no freestanding right for a convicted felon to obtain evidence for post-conviction DNA testing, but such a right may be

3

created by state law. *Osborne*, 557 U.S. at 67-73. Texas has created such a right in Chapter 64 of the Texas Code of Civil Procedure. *See Elam*, 470 F. App'x at 276. The issue then is whether Kinney was unconstitutionally denied the right to post-conviction testing of DNA evidence in violation of his procedural due process right. *See Harris v. Lykos*, No. 12-20160, 2013 WL 1223837 (5th Cir. March 27, 2013) (unpublished).

In Texas, a convicted person may move for forensic DNA testing of evidence containing biological material. Tex. Code Crim. P. Ann. art. 64.01. The trial court may order forensic DNA testing "only" if the court finds that the evidence still exists and is in a condition that makes DNA testing possible, has been subject to a chain of custody sufficient to establish that it has not been substituted, tampered with, replaced, or altered in any material respect, and identity was or is an issue in the case. Tex. Code Crim. P. Ann. art. 64.03(a)(1)(A), (B), (C). Additionally, the movant must establish by a preponderance of the evidence that he would not have been convicted if exculpatory results were obtained through DNA testing. Tex. Code Crim. P. Ann. art. 64.03(a)(2)(A). Federal courts "may upset a State's postconviction relief procedures only if they are fundamentally inadequate to vindicate the substantive rights provided." *Osborne*, 557 U.S. at 69.

Kinney argues that the defendants falsified affidavits that impeded his access to the courts and deprived him of due process when he sought, through procedures set forth in Texas law, the DNA testing of evidence used to secure his conviction. He asserts that the district court should have accepted his allegation that the affidavits were false because a district court must accept as true all allegations of material fact, construe factual allegations in the light most favorable to the plaintiff, and construe pro se pleadings liberally. He also asserts that his pleadings were sufficient to state a § 1983 claim, as he claimed that the defendants falsified information that resulted in the termination of

judicial proceedings and there were insufficient procedural safeguards in place for him to question the veracity of the affidavits.  Kinney also argues that the Texas law providing for DNA testing should have hearing provisions so prisoners can examine the efforts of prosecutors who are tasked with providing evidence to the court.

Kinney is correct that when reviewing a § 1915A dismissal for failure to state a claim, this court accepts the facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff.  *See Coleman*, 745 F.3d at 763.  However, the district court does not have to accept conclusory or speculative allegations.  *See id.* at 763-64; *Gross v. Normand*, 576 F. App'x 318, 319 (5th Cir. 2014), *cert. denied*, 135 S. Ct. 1498 (2015).  Here, the district court denied Kinney's allegations that the affidavits were "false" as speculative, but the court failed to address his contention that the affidavits listed a cause number from another criminal proceeding.  The court also did not address Kinney's argument that in light of the discrepancies in the affidavits, the state court's failure to hold a hearing deprived him of due process.

Nonetheless, as the district court concluded, even if Kinney's allegation that the affidavits offered by the defendants were falsified is accepted as true, the challenged affidavits address only the availability of evidence – only one of the necessary prerequisites to obtain DNA testing.  Tex. Code Crim. P. Ann. art. 64.03(a)(1).  Even if the affidavits are incorrect and the evidence still exists in a condition that makes DNA testing possible, as Kinney argues, DNA testing would not be ordered by the Texas courts without a finding that the evidence "has been subjected to a chain of custody sufficient to establish that it has not been substituted, tampered with, replaced, or altered in any material respect," and "identity was or is an issue in the case."  Tex. Code Crim. P. Ann. art. 64.03(a)(1)(A), (C).  Further, Kinney does not address the requirement that he establish "by a preponderance of the evidence" that he "would not have been

convicted if exculpatory results had been obtained through DNA testing." Tex. Code Crim. P. Ann. art. 64.03(a)(1)(B)(2)(A). Instead, Kinney argues that the state court denied his motion based upon the finding that the evidence did not exist and therefore the additional prerequisites were not at issue in the state court proceedings.

Texas courts routinely affirm the denial of motions for post-conviction DNA testing when a defendant fails to establish, by a preponderance of the evidence, that he would not have been convicted if exculpatory results had been obtained through DNA testing. *See Ex parte Gutierrez*, 337 S.W.3d 883, 899-901 (Tex. Crim. App. 2011); *see also Jacobs v. State*, 294 S.W.3d 192, 197-98 (Tex. App.—Texarkana 2009); *Skinner v. State*, 293 S.W.3d 196, 200 (Tex. Crim. App. 2009); *Frank v. State*, 190 S.W.3d 136, 139 (Tex. App. 2005)

Here, the district court found that there was no biological material to be tested. Further, Kinney failed to establish by a preponderance of the evidence that he would not have been convicted if exculpatory results had been obtained through DNA testing as required by article 64.03(a)(2)(A). Thus, the district court did not err in dismissing the claim.

**(2) Whether the district court abused its discretion by determining that Kinney's motion to amend his complaint was futile.**

Kinney argues that the sua sponte dismissal was error, because the district court did not allow him an opportunity to amend his complaint. He asserts that in the amended complaint he demonstrated why the affidavits were false and provided allegations regarding why Texas's procedures governing post-conviction DNA testing were inadequate to vindicate the substantive rights provided.

Rule 15(a) of the Federal Rule of Civil Procedure "evinces a bias in favor of granting leave to amend." *See Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of Am. Co.*, 195 F.3d 765, 770 (5th Cir. 1999)

No. 14-10925

(internal citation and marks omitted). This court reviews a district court's denial of a motion to amend a pleading for abuse of discretion. *Id.* However, a district court acts within its discretion when dismissing a motion to amend that is frivolous or futile. *Id.* at 771.

As discussed above, the district court denied Kinney's motion to amend after determining that amendment would be futile. Additionally, Kinney's proposed amendment still did not address the necessary prerequisites. Kinney's proposed amendment also challenged the procedure used by the Texas courts, arguing that due process required a hearing to be held. However, article 64.03 does not include a hearing provision. Moreover, even if a hearing was held, it would not cure the fact that neither the hospital nor the police department were in possession of any biological evidence upon which to conduct any DNA testing.

Accordingly, we conclude that the district court did not abuse its discretion by dismissing Kinney's motion to amend as futile.

**(3) Whether the district court abused its discretion by denying Kinney's motion for the appointment of counsel.**

Kinney argues that the district court abused its discretion when it did not appoint counsel for him. Kinney argues that he filed a motion for appointment of counsel when he filed his complaint and the district court failed to rule upon it. The record does not indicate that Kinney filed such a motion. Arguments that are not raised in the district court cannot be asserted for the first time on appeal. *See Nunez v. Allstate Ins. Co.*, 604 F.3d 840, 846 (5th Cir. 2010).

However, even if Kinney had filed a motion for appointment of counsel, "[t]here is no automatic right to the appointment of counsel in a section 1983 case." *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987). Absent exceptional circumstances, which depend upon the type and complexity of the case and the

7

No. 14-10925

ability of the individual pursuing it, a district court is not required to appoint counsel. *See Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007). The record here does not indicate that appointment of counsel was warranted in the district court. *See Cupit*, 835 F.2d at 86.

Thus, we conclude that the district court did not abuse its discretion by denying Kinney's motion for appointment of counsel.

\* \* \*

For the foregoing reasons, we AFFIRM the district court's dismissal of Kinney's claim under 28 U.S.C. § 1983. Further, we AFFIRM the district court's denial of Kinney's motions to amend and to appoint counsel