# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-41338

United States Court of Appeals
Fifth Circuit

**FILED**

March 9, 2018

Lyle W. Cayce
Clerk

WILLIAM RAY JACOBS,

      Plaintiff – Appellant,

v.

DISTRICT ATTORNEY JIM WHEELER, Wood County District Attorney,

      Defendant – Appellee.

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 6:13-CV-973

Before DAVIS, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

William Ray Jacobs appeals to this Court for the second time in his efforts under 42 U.S.C. § 1983 to compel forensic DNA testing of evidence pertaining to his conviction for aggravated sexual assault. We previously vacated the district court's 28 U.S.C. § 1915A(b)(1) dismissal without prejudice of Jacobs' § 1983 action and remanded.[1] After remand, however, the district court dismissed Jacobs' § 1983 action without prejudice on a different basis —

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *Jacobs v. Wheeler*, 630 F. App'x 262, 267 (5th Cir. 2015).

## No. 16-41338

lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  For the reasons set forth below, we again VACATE and REMAND.

In 1997, Jacobs was convicted of aggravated sexual assault and sentenced to life in prison.[2]  He filed motions in state court pursuant to Texas Code of Criminal Procedure art. 64.01 seeking post-conviction DNA testing. The state court denied Jacobs' motions.[3]  In 2013, Jacobs filed this § 1983 action requesting an order compelling DNA testing on all biological evidence in this case and specifically asking that the short-tandem-repeat (STR) method be used to conduct the testing.  In amended pleadings and objections, Jacobs made clear that he was not requesting that such testing be done on certain hair samples that were recovered, but that such "testing [be done] on the biological material obtained in scrapings, smears and swabbings from the victim."[4]

However, as we determined in our prior opinion, the magistrate judge and district court did not address the biological evidence obtained from these sources.[5]  Although the state court found that there was no other biological material suitable for DNA testing, we declined to take judicial notice of the state court's factual determination.[6]  We concluded "that Jacobs ha[d] arguably stated a claim that the Texas procedures were inadequate to vindicate his substantive rights,"[7] and, consequently, vacated the district court's dismissal and remanded.[8]

---

[2] *See Jacobs v. State*, 951 S.W.2d 900 (Tex. App.—Texarkana 1997, pet. ref'd).

[3] *See Jacobs*, 630 F. App'x at 264 (citing *Jacobs v. State*, 115 S.W.3d 108 (Tex. App.—Texarkana 2003, pet. ref'd) (first motion for post-conviction DNA testing) and *Jacobs v. State*, 294 S.W.3d 192 (Tex. App.—Texarkana 2009, pet. ref'd) (third motion for post-conviction DNA testing); *see also Jacobs v. State*, 181 S.W.3d 487 (Tex. App.—Texarkana 2005, pet. ref'd) (second motion for post-conviction DNA testing).

[4] *Jacobs*, 630 F. App'x at 266.

[5] *Id.*

[6] *Id.* at 267.

[7] *Id.* (citing *Dist. Attorney's Office for the Third Judicial Dist. v. Osborne*, 557 U.S. 52, 69 (2009)).

[8] *Id.*

## No. 16-41338

After remand, the defendant, District Attorney Jim Wheeler, filed a second motion to dismiss. Wheeler argued that Jacobs lacked standing to assert his § 1983 action because he had not alleged that he filed a motion in state court seeking DNA testing under the 2011 amendments to Article 64.01. Wheeler asserted that Jacobs' request for DNA testing, therefore, should be dismissed for lack of jurisdiction pursuant to Rule 12(b)(1). Jacobs, however, contended that he had filed a motion in state court on June 20, 2012, after the 2011 amendments became effective. Wheeler subsequently submitted documents from the state appellate court reflecting that Jacobs' appeal of the denial of his 2012 motion (his fourth motion for post-conviction DNA testing) had been dismissed for want of jurisdiction because Jacobs filed a notice of appeal before the trial court issued a written order. Wheeler argued that because Jacobs did not correctly raise his claims in state court, Jacobs failed to exhaust his state remedies and lacked standing.

Because "[t]he state appellate courts ha[d] not had the opportunity to consider [Jacobs'] claim on the merits," the district court determined that Jacobs' action was "not ripe for consideration." Therefore, it granted Wheeler's motion to dismiss for lack of jurisdiction under Rule 12(b)(1) and dismissed Jacobs' § 1983 complaint without prejudice. Jacobs timely appealed.

During the pendency of this appeal, however, Jacobs filed a fifth motion for DNA testing pursuant to Article 64.01.[9] The state appellate court affirmed the denial of Jacobs' motion "[f]or the same reasons explained in [its] previous opinions."[10] Assuming without deciding that the state appellate court was required to consider Jacobs' request for DNA testing on the merits after the 2011 amendments in order for the district court to have jurisdiction, we

---

[9] *See Jacobs v. State*, No. 06-16-00206-CR, 2017 WL 1033710 (Tex. App.—Texarkana 2017, pet. ref'd) (unpublished).

[10] *Id.*

conclude that such requirement has been met. Furthermore, as we determined in our prior opinion,[11] the record in this matter does not permit a determination whether the STR method of DNA testing can be performed on any of the biological evidence that exists in this case. Specifically, it is unclear at this point what kind of other biological evidence exists and whether that other evidence is suitable for STR DNA testing.

Based on the foregoing, we vacate the district court's dismissal of Jacobs' § 1983 action and remand this matter for further proceedings consistent with this opinion.[12] Jacobs' motion for appointment of counsel is denied.

VACATED and REMANDED; MOTION DENIED.

---

[11] *Jacobs*, 630 F. App'x at 266.

[12] Because we have determined that the district court has jurisdiction in this matter, and that its dismissal must be vacated, we do not address Jacobs' arguments that the district court abused its discretion in denying his motion for default judgment and failed to comply with our prior remand order.